## CIRCUIT COURT OF FAIRFAX COUNTY

Christopher Bailey

v.

Charles L. Sours et al.

September 10, 1990

Case No. (Law) 89829

By JUDGE THOMAS A. FORTKORT

This matter came before the Court on July 27, 1990, on the defendants' Sours Demurrer. The plaintiff filed a memorandum in response to defendant's Demurrer. The other defendant, Sherry Huntsinger, also charged by the plaintiff with negligent entrustment filed a motion for Summary Judgment while the Court had the above motion under advisement. The two motions will be discussed in this opinion letter.

*The Sours' Demurrer*

The allegations set forth in the plaintiff's Corrected Amended Motion for Judgment are taken as true for purposes of this decision and establish the following factual background for this case. On or about March 27, 1987, at approximately 10:30 p.m., plaintiff, Christopher Bailey, was riding in the passenger seat of a 1983 Toyota Supra driven by the defendant, Scott C. Sours, when the vehicle spun out of control, hit a tree, and crashed upside down. Christopher Bailey sustained serious and permanent injuries as a direct result of the accident. Prior to the date

of the accident, on March 26, 1987, the defendants, Charles L. Sours, Jr., and Deborah M. Sours ("the Sours"), contracted with the defendant, Sherry Huntsinger, the mother of defendant, Scott C. Sours, to sell the vehicle to Sherry Huntsinger for use and possession by her son, defendant, Scott C. Sours. Pursuant to this agreement, Charles L. Sours, Jr., with the permission and agreement of Deborah M. Sours and Sherry Huntsinger, parked the Toyota in a parking lot, placing the car keys under the front seat mat.

In their Memorandum in Support of Demurrers, the Sours alleged that the plaintiffs had not demonstrated (1) any express or implied permission by the defendants to Scott C. Sours for the use of the vehicle; (2) that the Sours were the owners of the vehicle; (3) that defendant, Scott C. Sours, was an "unfit" driver at the time of the accident; (4) either causally or proximate cause in connection with the Sours. The plaintiffs, in their Memorandum in Response to defendant's Demurrer, argue that the Sours, by placing the vehicle in a position where Scott C. Sours could assume control, acted negligently and are therefore liable for the injuries sustained by Christopher Bailey.

## A. *Express Permission*

The defendants have failed to allege that the Sours, at any time, granted their express permission to use the vehicle to Scott C. Sours. In their Corrected Amended Motion for Judgment, the plaintiffs state that both Charles L. Sours, Jr., and Deborah M. Sours "caused Scott C. Sours to be advised that the Toyota was in the parking lot with the keys in it." In *Laughlin v. Rose*, 200 Va. 127 (1958), the court sustained the jury's finding of express permission where the owner of a vehicle "pitched her the keys and told her to go on." *Id.* at 130. That is not the case here. Merely leaving the car for the eventual use by Scott C. Sours does not amount to express permission to drive the car by Charles L. Sours, Jr., or Deborah M. Sours. The plaintiffs have failed to make any direct allegation of permission.

## B. *Implied Permission*

There are insufficient allegations of implied use. Such permission can be implied by a pattern of conduct of permissive use. *Denby v. Davis*, 212 Va. 836, 838 (1972). The plaintiffs have alleged that Scott C. Sours had, on two prior occasions, made use of his father's vehicles *without* his permission. *See* Corrected Amendment Motion for Judgment at paragraphs 14, 25, 46. These allegations in an attempt to show prior unfit conduct do not rise to a pattern of permissive use and in fact tend to belie such a tacit agreement.

## C. *Vehicle Ownership*

The plaintiffs have also failed to prove that the Sours were the owners of the vehicle at the time of the accident. The Corrected Amended Motion for Judgment states that, at the time of the accident, the vehicle had stolen license plates attached to it and that on March 26, 1989, Charles L. Sours, Jr., Deborah M. Sours, and Sherry Huntsinger . . . did jointly and severally agree to transfer ownership of the Toyota to Sherry Huntsinger . . . . Ownership of the motor vehicle had transferred to Sherry Huntsinger prior to the accident of March 27, 1989. There is no allegation in the plaintiff's pleadings that demonstrate ownership by the Sours under the Code of Virginia.

## D. *Driver Fitness*

The plaintiffs have alleged that Scott C. Sours was an "incompetent, unfit, and dangerous driver."

To support this allegation, plaintiffs have averred that Scott had two prior accidents and a prior speeding [violation]. They have described Scott as a disciplinary problem to his parents and was reckless and rebellious.

Thus far, Virginia Courts have limited the doctrine of negligent entrustment to those situations where the permissive driver is unable to competently drive a motor vehicle due to his physical condition, *i.e.*, he is intoxicated or handicapped by blindness or other physical deformity. No doubt allowing an unlicensed driver to operate your motor vehicle knowing that he or she has never been

licensed would also fall under the umbrella of negligent entrustment.

When we consider the doctrine in light of determining the probability of negligent driving upon negative personality characteristics, we enter into a new area of judgment. Even the habitual criminal whose record indicates a contempt for societal norms will, in the course of most of his days, obey the law. The person with several accidents also has a much greater number of driving experiences where he or she exhibits normal lawful driving behavior. It is when one is face to face with a person who cannot safely operate a motor vehicle because of a present disability that the risk of negligence rises to an unreasonable risk. In his seminal work on Torts, Prosser states that risk in these terms at page 199:

> It becomes most obvious when the actor has reason to know that he is dealing with persons whose characteristics make it especially likely that they will do unreasonable things.

Prosser and Keaton on Torts, fifth edition.

Prosser gives an example of this rule as letting an intoxicated person have a car.

*Prior Driving Behavior* -- Plaintiff argues that by sustaining the demurrer and/or the Motion for Summary Judgment, the Court removes from the trier of fact the ability to ascertain the extent of risk that the defendant poses to the public by a thorough exploration of the defendant's propensities through the trial process. The Court admits that the full exposition of defendant's flaws might more forcefully affect the deliberations of the trier of fact than any generalized pleading statement could ever eloquently state. Plaintiff further argues that the granting of these motions in these cases violates the spirit and intent of the *Koulizakis* case. *See Brown v. Koulizakis*, 229 Va. 524 (1985). The Court is aware of these cases, their import and the Court's duties in this regard. Nevertheless, the Court has a duty to all litigants to invoke its power to bring cases to a close when it deems the pleadings insufficient as a matter of law.

Somewhere there lies a case of negligent entrustment based upon a defendant's repeated, demonstrated propensity for negligent acts. The case at bar is not such a case. The allegations of the plaintiff portray a somewhat troubled young man operating in a behavioral pattern exhibited by a large number of youths of his age. To presume a negligent act on the basis of this information would broaden the doctrine of "negligent entrustment" to cover legions of persons not presently contemplated in our general tort scheme.

Should these cases be allowed to go to the trier of fact, then the prior traffic record would become relevant and every case would risk the possibility that the defendant would be tried on his past record rather than the conduct that is the subject of the trial. In the absence of a disability directly observed or a known impairment of the defendant's ability to operate a motor vehicle, the extension of the doctrine to prior conduct must be reserved for cases with facts more egregious than those alleged herein.

For the reasons stated above, the demurrers of defendants Sours are sustained. The Motion for Summary Judgment on behalf of defendant Huntsinger is also sustained. The Motion for Summary Judgment is sustained because on the facts alleged, the doctrine of negligent entrustment does not apply.