## CIRCUIT COURT OF FAIRFAX COUNTY

Christopher Bailey

v.

State Farm Mutual
Automobile Ins. Co.
and Sea Ins. Co.

August 6, 1992

Case No. (Law) 108222

BY JUDGE THOMAS A. FORTKORT

This case is before the Court on the Plea of Collateral Estoppel filed by the defendant Sea Insurance Company and the Motion for Summary Judgment filed by the defendant State Farm Mutual Automobile Insurance Company. For the reasons set forth below, the Plea of Collateral Estoppel is sustained and the Motion for Summary Judgment is granted. The plaintiff's claims against State Farm and Sea Insurance are therefore dismissed.

The events giving rise to this litigation are stated in the plaintiff's Motion for Judgment and the parties' Memoranda on the Plea of Collateral Estoppel. On March 27, 1987, the plaintiff Christopher Bailey was riding in the passenger seat of a Toyota Supra driven by Scott Sours. Sours failed to maintain proper control of the car, driving off the paved surface of the road and colliding with a tree. Bailey suffered serious and permanent injuries, including loss of the use of his legs, hands, arms, and other parts of his body.

At the time of the accident, Charles Sours, father of the driver Scott Sours, was the named insured under two insurance policies. The policy issued by State Farm Mutual Automobile Insurance Company provided coverage in the amount of $100,000 per person for

bodily injury. The Sea Insurance Company policy provided personal excess liability coverage in the amount of $1,000,000.

Christopher Bailey filed his Corrected Amended Motion for Judgment on April 17, 1990, seeking $18,000,000 in damages as compensation for his injury, for pain and suffering, for past and future medical care and expenses, and for loss of present and future earnings. Named as defendants in the suit were the driver of the automobile, Scott Sours; the father and step-mother of Scott Sours, Charles Sours and Deborah Sours; and Scott Sours' mother, Sherry Huntsinger.

The Corrected Amended Motion for Judgment alleged that Charles Sours, Deborah Sours, and Sherry Huntsinger agreed to transfer ownership of the Toyota Supra to Sherry Huntsinger for the purpose of making it available to Scott Sours for his use. The plaintiff also alleged in the Motion for Judgment that pursuant to this agreement, Charles Sours parked the Toyota in the parking lot of his office, placed the car keys under the seat mat, left the car unlocked, and caused Scott Sours to be advised that the Toyota was in the parking lot with the keys in it.

The defendants Charles Sours and Deborah Sours filed Demurrers to the Corrected Amended Motion for Judgment on July 9, 1990, and the defendant Sherry Huntsinger filed a Motion for Summary Judgment on August 9, 1990. Charles and Deborah Sours alleged in their Demurrers that the plaintiff had not made affirmative allegations in the Motion for Judgment that either of them had expressly or impliedly entrusted the Toyota to Scott Sours to operate. They argued that for the plaintiff to maintain an action for negligent entrustment, the plaintiff must plead that the defendants knew or had reasonable cause to know that they were entrusting the Toyota to an unfit driver who was then likely to cause injury. In each of the Demurrers, these defendants claimed that "There are therefore not nor can there be any affirmative allegations that on the date of loss or immediately prior thereto that this Defendant expressly or impliedly entrusted the subject automobile to the co-Defendant Scott Sours to operate . . . ." Demurrer of Charles L. Sours, para. 4(c), Demurrer of Deborah Sours, para. 4(c). In her Motion for Summary Judgment, Sherry Huntsinger denied any liability and argued that the plaintiff failed to set forth any facts which support a claim under Virginia law.

The Court addressed Charles and Deborah Sours' Demurrers and Sherry Huntsinger's Motion for Summary Judgment in its letter

opinion of September 10, 1990. *Bailey v. Sours*, 21 Va. Cir. 211 (1990). The Court sustained the Demurrers and granted the Motion for Summary Judgment for several reasons. First, the Court recognized that the plaintiff's allegation that the Charles and Deborah Sours "caused Scott C. Sours to be advised that the Toyota was in the parking lot with the keys in it" did not meet the definition of express permission in the negligent entrustment context adopted by the Virginia Supreme Court in *Laughlin v. Rose*, 200 Va. 127, 104 S.E.2d 782 (1958).

The Court next addressed whether the plaintiff had properly alleged for purposes of a negligent entrustment claim that the Sourses had given their implied permission to Scott to drive the Toyota. Under *Denby v. Davis*, 212 Va. 836, 188 S.E.2d 226 (1972), permission can be implied by a pattern of conduct of permissive use. The Court found here that the plaintiff's claims that Scott Sours used his father's vehicles on two prior occasions *without* permission did not allege a pattern of implied permissive use. These allegations in fact contradicted rather than supported the plaintiff's claim that implied permission existed. In sustaining the Demurrers, the Court also recognized that the plaintiff had amended or corrected his pleading three times and that the plaintiff's description of how Scott Sours came to be driving the vehicle and how Christopher Bailey came to be injured appeared to be a complete account of the facts, recounted in approximately 21 paragraphs and subparagraphs of the Corrected Amended Motion for Judgment.

The Court also found that the plaintiff failed to allege that the Sourses owned the Toyota at the time of the accident. Finally, the Court ruled that even if express or implied permission had existed, the plaintiff's allegations did not make out a claim of negligent entrustment because Scott Sours' prior driving behavior did not show him to be an incompetent, unfit, or dangerous driver. The Court dismissed the plaintiff's causes of action against Charles Sours, Deborah Sours, and Sherry Huntsinger with prejudice.

The case came to trial on September 17, 1990, before a jury. The jury returned a unanimous verdict on September 21, 1990, in favor of the plaintiff Christopher Bailey and against the defendant Scott Sours for $2,600,000. The plaintiff then appealed to the Supreme Court of Virginia for reconsideration of the Court's earlier decision sustaining the Demurrers of Charles and Deborah Sours. The Su-

preme Court refused the petition for appeal, finding no reversible error in the earlier judgment.

The plaintiff has now filed a new Motion for Judgment as assignee of Scott Sours against State Farm Mutual Automobile Insurance Company and Sea Insurance Company. This Motion for Judgment claims that the Toyota driven by Scott Sours was insured under a State Farm family insurance policy in the amount of $100,000 per person for bodily injury and that Scott Sours was insured under a Sea Insurance personal excess liability policy in the amount of $1,000,000.

Count I of the Motion for Judgment seeks $100,000 in damages from State Farm based on State Farm's contractual liability to Scott Sours, and Count II seeks additional damages of $2,600,000 from State Farm because it exercised bad faith in refusing to settle Christopher Bailey's claims against Scott Sours. Count III asks for $10,000,000 in punitive damages from State Farm. Count IV seeks damages of $1,000,000 from Sea Insurance Company based on its contractual liability to Scott Sours, and Count V asks for additional damages of $2,600,000 from Sea Insurance because it exercised bad faith in refusing to settle Christopher Bailey's claims against Scott Sours. Count VI asks for punitive damages of $10,000,000 from State Farm [sic].

The Court has before it today Sea Insurance Company's Plea of Collateral Estoppel and State Farm's Motion for Summary Judgment. Sea Insurance addresses in its Memoranda the three elements of the doctrine of collateral estoppel adopted by the Virginia Supreme Court in cases such as *Norfolk and Western Ry. Co. v. Bailey Lumber Co.*, 221 Va. 638, 272 S.E.2d 217 (1980). A finding of collateral estoppel requires that the issue under consideration have been litigated in the prior lawsuit, have been essential to a valid and final personal judgment, and have satisfied the principle of mutuality.

## *Prior Litigation*

Sea Insurance and State Farm argue first that the dispositive issue before the Court, whether coverage under the insurance policies was extended to Scott Sours as a permissive user of the Toyota, was previously decided by the Court in its ruling on the Demurrers of Charles Sours and Deborah Sours.

The plaintiff claims in opposition that in ruling on the Demurrers, the Court found only that the plaintiff's pleading was insufficient —

that the plaintiff had not sufficiently alleged that Scott Sours was a permissive user of the Toyota — and that the Court never adjudicated whether Scott Sours in fact had permission to use the vehicle. The plaintiff also asserts that he did not use the word "permission" in his pleadings. He did, however, propose a theory of recovery that required an allegation of permission as one of its elements. Negligent entrustment is the single theory under which Charles and Deborah Sours could be liable for Christopher Bailey's injuries because they had no other role in the accident. In its earlier letter opinion, the Court explored the element of permission in a claim of negligent entrustment, and the Virginia Supreme Court affirmed the ruling.

Two features of this case indicate that collateral estoppel applies to prevent reconsideration of whether Scott Sours had permission to drive the car at the time of the accident. First, the Court's ruling on the Demurrers considered the plaintiff's factual account of the events leading to the injury and concluded that these facts did not meet the characteristics of express or implied permission required by Virginia law to state a claim for negligent entrustment. The plaintiff in his new Motion for Judgment again has not alleged that Scott Sours had the express or implied permission that would render him a permissive user under the policies issued by the defendant insurance companies. Precedent exists in Virginia law to consider a sustained demurrer a decision on the merits of the case. *Griffin v. Griffin*, 183 Va. 443, 32 S.E.2d 700 (1945).

Second, the plaintiff's claim that the Court had ruled only that his pleading was insufficient and had not made a determination on the merits of the case suggests that the term "permission" in its ordinary meaning and as it is used in stating a claim for negligent entrustment differs from the term "permission" as it is used in stating a claim for insurance proceeds. Virginia case law indicates, however, that in instances in which an automobile is operated by a person other than the named insured without the permission of the owner, the term "permission" is given its ordinary meaning. *See State Farm Mut. Auto. Ins. Co. v. Liberty Mut. Ins. Co.*, 238 F. Supp. 141 (W.D. Va. 1965). Thus, relitigation of the permission issue to elicit a distinct meaning unique to insurance law is unwarranted.

The plaintiff also claims that the negligence of Charles Sours and Deborah Sours was the sole issue on Demurrer and that a new issue, the contractual liability of Sea Insurance and State Farm, is raised

for the first time in the present action. The Court recognizes that both causes of action call for the determination of whether Scott Sours acted with the permission of Charles Sours; collateral estoppel as to this issue is clearly applicable although the second lawsuit seeks damages under a new theory.

### Mutuality

Collateral estoppel as applied by courts in Virginia demands mutuality of estoppel. Under *Norfolk and Western, supra*, mutuality requires that the party now asserting collateral estoppel have been bound if prior litigation on the issue had reached the opposite result. As applied to the case before the Court, mutuality would require that if the Court or jury had determined that Scott Sours had used the Toyota with his father's permission, then Sea Insurance and State Farm would have been bound by this result and would have been precluded from relitigating the matter. Under *Nero v. Ferris*, 222 Va. 807, 284 S.E.2d 828 (1981), mutuality can be demonstrated by showing that the party asserting collateral estoppel is in privity with the party who prevailed on the relevant issue in the prior litigation.

Sea Insurance claims that it has shown by parol evidence that it provided the defense to Charles Sours and Deborah Sours and that it would have been bound by a finding that permission did exist. On this issue, the plaintiff argues that:

> The parties may be different [under the principles of collateral estoppel] but the litigant not a party to the first suit must be alleged to have participated in the same conduct forming the basis for alleged liability in the first suit. Neither insurance company had anything to do with the son obtaining possession of the automobile. Certainly the father was not acting as their agent so that they might here claim privity.

Memorandum in Opposition to Pleas of Collateral Estoppel, para. 11.

The Court finds on this matter that mutuality of estoppel does exist because the defendant insurance companies would have been precluded from attacking the ruling that Charles Sours had given permission to Scott Sours to drive the car. While the insurance companies did not take part in the activity that led to Scott Sours' use of the car, they would be bound by a ruling on the matter adverse to their interests.

The Court therefore grants the defendants' Plea and Motion to Dismiss because collateral estoppel is a bar to the plaintiff's claims. The plaintiff's claims against State Farm and Sea Insurance are therefore dismissed.