# 𝔖taunton

HUBERT RHINES, AN INFANT, BY ETC. V. N. S. BOND.

September 22, 1932.

Present, Campbell, C. J., and Holt, Epes, Gregory and Browning, JJ.

The opinion states the case.

*William H. Werth,* for the plaintiff in error.

*O. M. Vicars,* for the defendant in error.

EPES, J., delivered the opinion of the court.

There was a collision between an automobile owned and driven by N. S. Bond and an automobile owned and driven by William C. Rhines, Sr. At the time of the accident there were with Rhines in his car his wife, Mazelia Rhines, and their three children, Frankie, Hubert and William C. Rhines, Jr., all under seven years of age. Frankie was killed, and all the other occupants of the Rhines car claim to have been injured.

William C. Rhines, Sr., qualified as the administrator of Frankie's estate, and as such brought an action against Bond

to recover for her death on the ground that it was caused by his negligence. In this action the jury returned a verdict for the plaintiff for $1,500, upon which the court entered judgment. From this judgment no appeal was taken.

Each of the occupants of the Rhines car then brought his, or her, action against Bond seeking to recover damages for personal injuries claimed to have been sustained in this same collision. The notice for judgment filed by Hubert Rhines, who sues by his father, William C. Rhines, as his next friend, reads as follows:

"To N. S. BOND, *Defendant:*

"Take notice that I, the undersigned (hereinafter called 'plaintiff'), will appear by counsel in the Circuit Court of the county of Wise, Virginia, at the July term 1931, to-wit: on July 29, 1931, and move the court for judgment against you (hereinafter called 'defendant'), in the sum of one thousand dollars, with interest from July 29, 1930, until paid, upon a cause of action the particulars of which are alleged as follows:

"(1) That heretofore, to-wit: on July —, 1930, plaintiff was riding as a passenger in automobile owned and driven by his father upon the State highway and going eastwardly between the towns of Norton and Coeburn in the county of Wise, being at the time under seven years of age; that while plaintiff was so riding, defendant came along the same highway driving his own automobile westwardly towards Norton; and that at the time and place in question said two automobiles met and came into collision with great force and violence, and as the result of said collision the several occupants of the first mentioned automobile, including plaintiff, were then and there injured, and one of them, to-wit: plaintiff's infant sister, Frankie Rhines, was mortally injured and shortly thereafter died as the result of the injuries then and there inflicted as the result of said collision.

"(2) That afterwards the administrator of said Frankie Rhines, deceased, instituted an action to recover damages

for said wrongful death in the Circuit Court of the county of Wise against the present defendant, N. S. Bond, upon the ground that said decedent Frankie Rhines had come to her death at the time and place above alleged as the result of the wrongful negligence of said defendant Bond.

"That thereafter such proceedings were had in said action that said administrator recovered a final judgment against said defendant Bond (present defendant in the instant case), for damages on account of the said alleged wrongful death, which judgment was entered upon the verdict of a jury rendered in a trial of said action on the merits.

"(3) Plaintiff says that the injuries herein sued for were inflicted and suffered by plaintiff at the same identical time and place and at which said Frankie Rhines was injured and killed and for whose wrongful death said final judgment was entered on May 7, 1931, in said former action against this same identical defendant; and that plaintiff's injuries herein complained of were then and there caused by the said identical acts of commission and omission on the part of said defendant which were adjudged to establish his negligence in said former action.

"(4) Plaintiff says that at the time and place in question he was thrown from his father's car and then and there suffered great personal injuries, consisting of bruises, cuts lacerations, broken bones and other bodily and personal injuries, for which he is entitled to recover the sum of one thousand dollars, for which said motion for judgment will be made.

"HUBERT RHINES,
*Infant.*
"By WM. C. RHINES,
*Next Friend.*
"By WM. H. WERTH,
*Attorney.*"

The defendant moved the court to strike out so much of the notice as refers to, or relates to, the trial, verdict and

judgment of the court in the case of William C. Rhines, administrator of Frankie Rhines, deceased, against N. S. Bond, "because the same is irrelevant and immaterial and cannot be properly offered in evidence" in this case.

The court sustained this motion and struck out paragraphs numbered 2 and 3 in the plaintiff's motion. The plaintiff excepted to this ruling of the court, and elected not to amend, but to stand upon his exception. Whereupon the court entered judgment for the defendant dismissing the action.

Hubert Rhines has applied for a writ of error to this judgment. His sole assignment of error is that the court erred in "striking out all the allegations of said notice setting up said former judgment as a basis of liability and entering final judgment for the defendant."

We are of opinion that there was no error in the ruling of the court complained of.

Cases such as this fall within the general rule that a party to a present action is not concluded by a judgment in a prior action unless the adverse party now seeking to procure the benefit of the former adjudication would have been prejudiced thereby if it had been determined the other way. There are exceptions to this rule, but it would serve no useful purpose to enter upon a discussion of them here. For the general rule and a discussion of the exceptions thereto, see Freeman on Judgments (5th ed.), p. 887 *et seq.*, and p. 1413 *et seq.;* Black on Judgments (2d ed.), p. 807 *et seq.* Black on Judgments (2d ed.), §548, p. 828, states the general rule thus:

"§548. Estoppel must be Mutual.

"In the application of the rule of *res judicata,* it is essential that its operation be mutual. Therefore a party will not be concluded, against his contention, by a former judgment, unless he could have used it as a protection, or as the foundation of a claim, had the judgment been the other way; and conversely, no person can claim the benefit of a judgment, as an estoppel upon his adversary, unless he

would have been prejudiced by a contrary decision of the case."

Freeman on Judgments (5th ed.), §428, p. 929, in the chapter entitled, "Of the Persons Affected by Judgments," states it thus:

"Section 428. Rule as to Mutuality.—No party is, as a general rule, bound in a subsequent proceeding by a judgment, unless the adverse party now seeking to secure the benefit of the former adjudication would have been prejudiced by it if it had been determined the other way. And conversely if the judgment binds one party it binds the other, even though he was successful in the litigation. 'The operation of estoppels must be mutual. Both the litigants must be alike concluded, or the proceedings cannot be set up as conclusive upon either.' "

We have not been cited to and have not found any case in which a judgment in an action of tort in favor of. a sole plaintiff injured by the negligence of a defendant has been held to conclude that defendant when sued by another person for personal injuries received by him at the same time and in the same accident.

The plaintiff in error relies upon the opinion of this court in *Eagle, Star, etc., Ins. Co.* v. *Heller*, 149 Va. 82, 140 S. E. 314, 57 A. L. R. 490, in support of his position. This case holds that evidence of a conviction of an insured for burning the insured property is not only admissible in evidence in an action by him to recover the insurance, but is conclusive of the fact that he burned the insured property. Under the facts of that case the court made an exception to the general rule upon the grounds of public policy; but we think that the exception there made should not be extended to apply to cases such as the case at bar.

The case of *Virginia Ry. & P. Co.* v. *Leland*, 143 Va. 920, 129 S. E. 700, cited by the plaintiff in error, is readily distinguished from the case at bar. Leland, Carnohan and Morley owned as partners a truck which, while being driven by Leland and Carnohan on partnership business, was struck

by a car of the Virginia Railway and Power Company and the truck injured. Leland also received personal injuries. The three partners sued the Railway and Power Company for damages to the truck. The judgment in this was for the defendant on the ground that the proximate cause of the collision was the negligence of *both* Leland and Carnohan in driving the truck on the tracks of the company. Later when Leland sued for personal injuries to himself, the court held that the former judgment was conclusive against the right of Leland to recover. But both Leland and the Virginia Railway and Power Company were parties to both actions, and though Leland was a joint plaintiff in the first action, he was a party in his individual capacity.

*Affirmed.*