Richmond

## Norfolk and Western Railway Company

### v.

## Bailey Lumber Company, et al.

November 26, 1980.

Record No. 781513.

Present: All the Justices.

*Wade W. Massie* (*T. C. Bowen, Jr., G. R. C. Stuart; Penn, Stuart, Eskridge & Jones,* on briefs), for appellant.

*William R. Rakes* (*Harris Hart, II; William J. Creech, Jr.; Gillespie, Gillespie & Hart; Gentry, Locke, Rakes & Moore,* on brief), for appellees.

COMPTON, J., delivered the opinion of the Court.

Res judicata is the focus of this appeal. Specifically, we consider whether, under the circumstances of this case, the doctrine of mutuality should be renounced as applied to a plea of collateral estoppel.

On July 9, 1976, in the Town of Tazewell, a locomotive of appellant Norfolk & Western Railway Company collided at a grade crossing with a loaded gasoline tanker motor vehicle of appellee Dayton Transport Corporation. The collision caused an explosion that killed bystander Jesse Lawrence Sparks, damaged a nearby building and other property of appellee Bailey Lumber Company, and caused additional extensive damage in the vicinity. At least 17 claims have arisen from this accident.

In August of 1976, Sparks' personal representative brought a wrong-

ful death action in the court below against N & W and Dayton, alleging the negligence of both caused Sparks' death. Each defendant denied it was guilty of any negligence which proximately caused the accident. In a June 1977 trial, the jury found in favor of plaintiff against both defendants and awarded damages accordingly. The trial court entered judgment on the verdict and we denied N & W's petition for appeal. *Norfolk & Western Ry. Co.* v. *Sparks,* 218 Va. cxxvii.

In December of 1976, Bailey Lumber Company filed the present action against N & W and Dayton seeking recovery for property damages allegedly caused by the negligence of both defendants. Following the jury verdict in the Sparks case, N & W and Dayton entered into a written agreement in July of 1977 stipulating Bailey's damages, agreeing Bailey was entitled to recover against one or both defendants, continuing the case generally, reserving for trial the determination of the question of liability, and agreeing to obtain a trial date soon after this Court decided the *Sparks* appeal.

In June of 1978, after we decided *Sparks,* Bailey and Dayton filed in the present case a joint plea of collateral estoppel asserting N & W was prevented from relitigating the issues of negligence between N & W and Dayton because such issues had been resolved by the final judgment in *Sparks.* The court below sustained the plea, finding that "it is compellingly clear that N & W fully and fairly litigated and lost the issues pertaining to its alleged negligence in connection with the accident of July 9, 1976, issues which were essential to the prior adjudication, and that N & W is thereby precluded from again litigating those same issues in the instant case." We awarded N & W an appeal from the July 1978 final order, which entered judgment in favor of Bailey against N & W and Dayton for $183,600.

Under the concept of collateral estoppel, "the parties to the first action and their privies are precluded from litigating [in a subsequent suit] any *issue* of fact actually litigated and essential to a valid and final personal judgment in the first action." (Footnote omitted.) *Bates* v. *Devers,* 214 Va. 667, 671, 202 S.E.2d 917, 921 (1974). The principle of mutuality, however, serves to keep the influence of the initial adjudication within proper bounds by requiring that to be effective the estoppel of the judgment must be mutual. Moore and Currier, *Mutuality and Conclusiveness of Judgments,* 35 Tul. L. Rev. 301 (1961). Thus, according to the principle of mutuality, to which there are exceptions, a litigant is generally prevented from invoking the preclusive force of a judgment unless he would have been bound had the prior litigation of the issue reached the opposite result. *Bates* v. *Devers,* 214 Va. at 671 n.7, 202 S.E.2d at 921 n.7 (dictum).

■ The dispositive question in this case, therefore, is whether the requirement of mutuality should be enforced under these facts.

Arguing that the doctrine should be disregarded here, Bailey and Dayton note the so-called "modern trend" to abrogate the mutuality rule, either entirely or in a great majority of cases. *See, e.g., Parklane Hosiery Co.* v. *Shore,* 439 U.S. 322 (1979); *Graves* v. *Associated Transport, Inc.,* 344 F.2d 894 (4th Cir. 1965); *Bernhard* v. *Bank of America Nat'l Trust & Savings Ass'n.,* 19 Cal.2d 807, 122 P.2d 892 (1942); Annot., 31 A.L.R.3d 1044. *See also Montana* v. *United States,* 440 U.S. 147 (1979); *Eagle, Star & British Dominions Ins. Co.* v. *Heller,* 149 Va. 82, 140 S.E. 314 (1927). Emphasizing they are not advocating abandonment of mutuality in every case, irrespective of the circumstances, Bailey and Dayton contend there is no sound reason to require the litigant asserting collateral estoppel to have been a party or in privity with a party to the prior suit when, as here, the litigant against whom the estoppel is pleaded has already fully and fairly litigated the present issue. They say that relaxing the mutuality requirement is necessitated under these facts, considering the underlying policy of res judicata to bring an end to pointless litigation and establish certainty in legal relationships.

Mindful of the trend, we decline to spurn the necessity for mutuality in this case.

In Virginia, the established rule is that collateral estoppel requires mutuality, *Bates* v. *Devers, supra; Aetna Casualty & Surety Co.* v. *Czoka,* 200 Va. 385, 389-90, 105 S.E.2d 869, 872-73 (1958), especially when the estoppel is used "offensively." *Anderson* v. *Sisson,* 170 Va. 178, 196 S.E. 688 (1938); *Rhines* v. *Bond,* 159 Va. 279, 165 S.E. 515 (1932). In defensive use of collateral estoppel without mutuality, the defendant, a stranger to the prior proceeding, attempts to preclude the plaintiff, a party to the former proceeding, from relitigating an issue plaintiff lost in the earlier case. *See Ferebee* v. *Hungate,* 192 Va. 32, 63 S.E.2d 761 (1951). In offensive use of the estoppel without mutuality, a plaintiff, who was a stranger to the former litigation, seeks to preclude the defendant, a party to the prior action, from relitigating an issue defendant lost in the prior case. The latter tactic is employed here. Bailey, joined by Dayton, seeks to estop N & W from trying the issues of negligence arising in the *Sparks* proceeding, even though Bailey was not a party in *Sparks.*

This Court's decisions in *Rhines* and *Anderson,* not addressed on brief by Bailey and Dayton, guide our determination of this case. In *Rhines,* an automobile owned and driven by Bond collided with an-

other owned and operated by William C. Rhines, Sr. At the time, Rhines' three children, all under seven years of age, and his wife were riding in the Rhines vehicle. One child was killed and the other occupants claimed to have been injured. Rhines, Sr. brought suit as the personal representative of the deceased infant against Bond alleging that Bond's negligence caused the death. A final, unappealed judgment was entered on a jury verdict for the plaintiff. Thereafter, another Rhines child sued Bond seeking recovery for personal injuries negligently caused by Bond. In that action, the plaintiff's pleading recited the circumstances and result of the first suit. We sustained the trial court's action in striking, at Bond's request, references to the prior trial, verdict and judgment, and in dismissing the action. Relying on the mutuality requirement, this Court held that since the injured child would not have been precluded by the result in the wrongful death action had Bond prevailed in that case, Bond was likewise not bound by the prior decision and was entitled, in the subsequent action, to an opportunity to litigate the issue of his negligence.

In *Anderson,* two minor children, while walking on a city sidewalk, were struck and injured by an automobile driven by Sisson. Each minor sued Sisson separately. Trial of the first case resulted in a final judgment for the child. Subsequently, the second child's case resulted in a verdict for defendant, after the trial court had denied pleas of estoppel and res judicata filed by plaintiff in an attempt to hold defendant guilty of negligence as a matter of law. On appeal, this Court affirmed, stating the operation of the estoppels must be mutual. The Court answered in the negative the question: "If two people are injured by one defendant in an accident, does a final judgment in favor of one of the injured parties conclusively establish the same defendant's liability for damages sustained by the other injured party?" 170 Va. at 182, 196 S.E. at 689.

We have reexamined *Rhines* and *Anderson* and have concluded not to abandon the mutuality requirement when, as here, offensive use of collateral estoppel is sought to be invoked in one of a series of damage suits arising from a common disaster. One example of the anomalous and unfair results likely, should we abrogate the rule, will illustrate why we choose to maintain the opportunity for substantial justice in such situations, and not to sacrifice that opportunity in an effort to promote judicial economy. In a bus collision, 50 injured passengers bring separate suits against the bus company. The defendant wins the first 25 suits, but a plaintiff wins suit 26. The offensive use of collateral estoppel should not be applied to permit plaintiffs 27 through 50 automatically to recover. *See* Currie, *Mutuality of Collateral Estoppel:*

*Limits of the Bernhard Doctrine,* 9 Stan. L. Rev. 281, 286, 304 (1957); Restatement (Second) of Judgments § 88(4) (Tent. Draft No. 2, 1975). *But see* Currie, *Civil Procedure: The Tempest Brews,* 53 Calif. L. Rev. 25 (1965). *See also Nevarov* v. *Caldwell,* 161 Cal. App.2d 762, 767-68, 327 P.2d 111, 115-16 (1958); *Albernaz* v. *City of Fall River,* 346 Mass. 336, 191 N.E.2d 771 (1963); *Howell* v. *Vito's Trucking and Excavating Co.,* 386 Mich. 37, 191 N.W.2d 313 (1971).

For these reasons, we hold the trial court erred in sustaining the joint plea of collateral estoppel. Consequently, the order appealed from will be reversed as to N & W and the case remanded.

Dayton, of course, did not appeal from the judgment order, so it has become final as to that defendant. Thus, upon remand Bailey may proceed against N & W or, if Dayton satisfies the judgment, Dayton may proceed against N & W for contribution.

*Reversed and remanded.*