## CIRCUIT COURT OF WISE COUNTY

Frank Moore et ux.

    v.

Glamorgan Coal Corp.

           Case No. L84-77

Allen Hash et ux.

    v.

Glamorgan Coal Corp.

           Case No. L86-367

Blanche Gentry

    v.

Glamorgan Coal Corp.

           Case No. L86-368

Gerri Hayden

    v.

Glamorgan Coal Corp.

           Case No. L86-369

Monette Roberts

v.

Glamorgan Coal Corp.

Case No. L86-370

March 30, 1987

By JUDGE J. ROBERT STUMP

Several plaintiffs, neighbors in a small local community, filed separate claims for property damages against defendant for creating a coal dust nuisance.

Plaintiffs initially moved to consolidate all cases in one trial. But defendant successfully objected on the grounds that a jury might confuse the varied damage claims.

The prior jury trial of Gary Moore v. Glamorgan Coal Corporation has been concluded by final order in favor of defendant. Based on subsequent motion by plaintiffs the court has now consolidated all remaining cases for one trial.

Defendant now moves to dismiss all remaining cases on grounds of collateral estoppel, which the court overrules based on the following reasons and findings.

1. The present plaintiffs were not parties in the Gary Moore case. The doctrine of collateral estoppel by inconsistent position does not apply to a prior proceeding in which the parties are not the same. *Ferebee v. Hungate*, 192 Va. 32, 63 S.E.2d 761, 764 (1951); *N. & W. v. Bailey*, 221 Va. 638, 640 (1980).

2. The present plaintiffs were not privies to the parties in the first action. To establish collateral estoppel in Virginia the following standards are required.

"In the subsequent action, the parties to the first action *and their privies* are precluded from litigating any issue of fact actually litigated and essential to

a valid and final personal judgment in the first action." (Emphasis mine.) *Greene v. Warrenton Credit Assoc.*, 223 Va. 462, 466 (1982); *Bates v. Devers*, 214 Va. 667, 671 (1974); *N. & W. v. Bailey, supra; Nero v. Ferris*, 222 Va. 807, 812 (1981).

"Privity generally involves a party so identical in interest with another that he represents the same legal right, a determination of just who are privies requires a careful examination into the circumstances of each case." *Nero v. Ferris, supra*, at p. 813 (1981); *Storm v. Nationwide Ins. Co.*, 199 Va. 130, 134-35 (1957).

Defendant argues that Allen and Frances Hash, Blanche Gentry and Gerri Hayden (four of the present plaintiffs) did testify as witnesses for Gary Moore in the first action. However, their claims were not presented to the jury for decision. "The rendition of a judgment in an action does not conclude parties to the action who are not adversaries under the pleadings as to their rights inter se upon matters which they did not litigate, or have an opportunity to litigate, between themselves." *Greene v. Warrenton Credit Assoc., supra*, at p. 465.

Defendant argues that since all plaintiffs initially moved to consolidate their cases and subsequently (after the Gary Moore jury trial) the court granted consolidation that plaintiffs are the same parties and/or in privity. However, defendant cannot have its cake and eat it, too, since it initially and successfully objected to the consolidation of plaintiffs' cases. Defendant cannot now complain that the remaining plaintiffs are the same parties or privies to the first action.

Here plaintiffs are mere neighbors in a small coal mining community; unrelated by birth or marriage; have no known agency relationship, except allegedly suffering a joint common coal dust nuisance; and cannot be identified in interest with the others representing the same legal right.

3. Furthermore, there is no mutuality, which is the established rule in Virginia to prove collateral estoppel, especially when estoppel is used offensively, *N. & W. v. Bailey, supra; Anderson v. Sisson*, 170 Va. 178, 196 S.E. 515 (1932); or defensively, *Ferebee v. Hungate, supra*.

In *N. & W. v. Bailey, supra*, at p. 642, the Virginia Supreme Court reaffirms the mutuality requirement when

"offensive use of collateral estoppel is sought to be invoked in one of a series of damage suits arising from a common disaster." And further our Supreme Court cited an example of the "unfair results likely, should we abrogate the rule" as follows: "In a bus collision, 50 injured passengers bring separate suits against the bus company. The defendant wins the first 25 suits, but a plaintiff wins suit 26. The offensive use of collateral estoppel should not be applied to permit plaintiffs 27 through 50 automatically to recover." This example would logically apply to the present cases by removing the word "recover," and replacing it with the word "lose."

Here defendant, a party to the prior action, seeks to preclude plaintiffs, who were strangers to the former litigation, from relitigating the issue of nuisance that the defendant argues it won in the prior case. This contention is untenable for the above reasons, since the stranger plaintiffs have not had an opportunity to litigate their causes of action.

Counsel for plaintiffs shall prepare an appropriate order for entry.