COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Coleman and Elder
Argued at Richmond, Virginia


EASTMAN KODAK COMPANY

v.          Record No. 1406-95-2      MEMORANDUM OPINION[*] BY
                                      JUDGE SAM W. COLEMAN III
RICHARD R. STREMOVIHTG                    MARCH 26, 1996

        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION


            Richard L. Butler (Anderson & Quinn, on brief),
            for appellant.

            No brief or argument for appellee.



     Eastman Kodak Company appeals the Workers' Compensation

Commission's decision awarding Richard R. Stremovihtg (claimant)

temporary total disability benefits from May 5, 1992 through

May 5, 1994 and all medical expenses.  Eastman contends that the

commission erred by (1) holding that claimant's claim was not

barred by the two-year statute of limitations under Code

§ 65.2-708(A), (2) that claimant suffered a change in condition

beginning May 6, 1992, (3) that Eastman was barred from raising

the defense of voluntary retirement, and (4) that claimant had

been referred by his attending physician for certain chiropractic

treatment.  For the following reasons, we affirm in part and

reverse in part.

     On June 28, 1991, claimant sustained injuries to his back,

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

hip, and thigh in an accident that occurred in the course of his employment with Eastman. He received full wages from June 28, 1991 through November 30, 1991. On December 1, 1991, he voluntarily left his job with Eastman in return for enhanced retirement benefits.

On November 22, 1991, claimant filed a claim with the commission for temporary total benefits for his injuries resulting from the accident. A hearing was held before Deputy Commissioner Tabb on May 5, 1992. On March 16, 1992, Dr. Christopher Young, claimant's treating physician, had returned the claimant to regular work. At the time of the hearing, claimant was also receiving chiropractic care from Dr. Michael D. Pollock.

Based upon a May 5, 1992 hearing, Deputy Commissioner Tabb awarded claimant temporary total disability benefits from July 2, 1991 through March 16, 1992. The deputy commissioner found that Dr. Young had not referred claimant to Dr. Pollock for chiropractic treatment, but only had acknowledged that if claimant independently sought such treatment it would not conflict with his treatment of the claimant. In addition, the deputy commissioner stated that he did not "find any indication that the claimant took early retirement on December 1, 1991 or that he failed to cooperate with vocational rehabilitation efforts." The deputy commissioner found that claimant had been released to return to work on March 16, 1992, and had not proved

that he was thereafter disabled or as of the May 5, 1992 hearing.

On June 18, 1992, claimant, alleging a change in condition, filed a second claim for benefits. In support of this claim, he submitted a report by Dr. Pollock dated May 4, 1992. On July 29, 1992, an assistant claims examiner informed claimant by letter that the commission would take no further action on the second claim because Dr. Pollock's report had been addressed by Deputy Commissioner Tabb in the May 1992 decision. No further action was taken on that claim until August 1994 when claimant submitted additional medical documents in support of the June 1992 change in condition application. The commission scheduled a hearing for November 21, 1994. As a result of that hearing, the commission found a change in condition as of May 5, 1992, and awarded temporary disability benefits through May 5, 1994, and medical benefits. The employer appealed.

## I. Statute of Limitations

Code § 65.2-708(A) provides that "no [review by the commission of an application for a change in condition] shall be made after twenty-four months from the last day for which compensation was paid, pursuant to an award under this title." This Court has interpreted Code § 65.2-708(A) to mean that "the change in condition must occur within twenty-four months from the date compensation was last due or paid." Armstrong Furniture v. Elder, 4 Va. App. 238, 241, 356 S.E.2d 614, 615 (1987). Eastman contends that the letter from the assistant claims examiner in

July 1992 informing claimant that no further action would be taken on his claim constituted a dismissal of the claim, and that as a result, claimant did not file his claim within two years of March 16, 1992.

Workers' Compensation Commission Rule 1.3 provides that an employee's claim "may be dismissed upon motion of the employer after notice by the Commission to the parties" if the employee does not file supporting evidence within ninety days after the claim is filed. Although claimant did not file the supporting evidence within ninety days, the record does not reveal that Eastman filed a motion to dismiss the claim, and even had it done so, the commission had discretion whether to grant the motion. Furthermore, the commission acted in accordance with the Code by adjudicating the claim despite the fact that claimant did not produce the additional medical evidence until August 1994. Claimant was not required to produce the evidence prior to the expiration of the statute of limitations so long as the claim alleged a change in condition existing at the time of the filing. See Johnson v. Smith, 16 Va. App. 167, 169-70, 428 S.E.2d 508, 510 (1993); Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 678, 401 S.E.2d 213, 215 (1991). Accordingly, the commission did not err in holding that the claim was timely filed.

## II. Change in Condition

Eastman next challenges the commission's finding that the

- 4 -

claimant "was disabled beginning May 6, 1992." The commission
stated that:

> [t]his finding is based upon Dr. Pollock's
> reports of May 4, 1992, and August 12, 1993.
> In his report of May 4, 1992, he clearly
> indicated that the claimant should not work
> pending further improvement. Dr. Pollock's
> report of August 12, 1993, reflects
> continuing treatment, improvement, and an
> apparent discharge from chiropractic care.
> However, there was no release to return to
> any form of employment.

In order for the commission to have found that claimant proved a
change in his condition and that he became disabled on May 6,
1992, the commission necessarily relied upon, as it stated, the
May 4, 1992 and August 12, 1993 reports of Dr. Pollock. However,
the August 12, 1993 letter does not in any way support a finding
that beginning in May of 1992, the claimant was disabled from his
pre-injury employment to which he had been previously released.
Thus, the only other evidence in the record that the commission
could or did consider to prove that claimant was disabled on May
6, 1992, was the May 4, 1992 letter. In order to infer from the
letter of May 4, 1992 that the claimant was disabled on May 6,
1992, the commission necessarily had to find that claimant was
disabled on May 4, 1992. However, Deputy Commissioner Tabb ruled
in his May 1992 opinion that claimant was not disabled on May 4,
1992. That fact has been finally decided. Thus, although
claimant could have offered evidence to prove a change in
condition and disability on May 6, 1992, the August 12, 1993
report did not do so and the claimant could not prove that he

became disabled on May 6, 1992, by attempting to show that he was disabled on May 4, by using the identical evidence that had been found insufficient.

The doctrine of collateral estoppel applies "in a subsequent action based upon a collateral and different cause of action." Bates v. Devers, 214 Va. 667, 671, 202 S.E.2d 917, 921 (1974) (emphasis in original). "Under the principle of collateral estoppel, 'the parties to the first action and their privies are precluded from litigating [in a subsequent action] any issue of fact actually litigated and essential to a valid and final personal judgment in the first action.'" Slagle v. Slagle, 11 Va. App. 341, 344, 398 S.E.2d 346, 348 (1990) (quoting Norfolk & W. Ry. v. Bailey Lumber Co., 221 Va. 638, 640, 272 S.E.2d 217, 218 (1980)). "[A]n appropriate test for determining the identity of issues involved in former and subsequent actions is 'whether the same evidence will support both actions.'" Allegheny Airlines, Inc. v. Merillat, 14 Va. App. 341, 343, 416 S.E.2d 467, 469 (1992) (quoting Graham v. Virginia Elec. & Power Co., 230 Va. 273, 277, 337 S.E.2d 260, 263 (1985) (quoting Pickeral v. Federal Land Bank, 177 Va. 743, 751, 15 S.E.2d 82, 85 (1941))).

Here, Deputy Commissioner Tabb had considered Dr. Pollock's report of May 4, 1992, in which Dr. Pollock stated that in his opinion claimant was unable to work. Deputy Commissioner Tabb relied "more heavily on the opinion of Dr. Young," awarded temporary total disability benefits through March 16, 1992, when

- 6 -

claimant had been released to return to work, and denied the claim for benefits thereafter. Deputy Commissioner Tabb necessarily found that claimant was not disabled on May 4, 1992.

Therefore, in order for the claimant to prove a change in condition after the 1992 decision, the commission was precluded from finding that the claimant was disabled on May 4, 1992, unless additional evidence not considered at the 1992 hearing proved that claimant became disabled on or after that date. Consequently, the letter of May 4, 1992 does not support the commission's finding that the claimant was disabled on May 6, 1992. Because the commission's finding that the claimant was disabled beginning May 6, 1992 is not supported by credible evidence, we reverse the award of temporary total disability benefits.

### III. Voluntary Retirement

At the May 1992 hearing, Eastman argued that claimant was barred from recovering disability benefits because he voluntarily retired on December 1, 1991, but Deputy Commissioner Tabb held that there was no "indication that the claimant took early retirement on December 1, 1991." As a result of this finding, the deputy commissioner awarded claimant temporary total disability benefits through March 16, 1992. Therefore, the defense of voluntary retirement was "actually litigated and essential to" the May 1992 award. Accordingly, the commission did not err in holding that Eastman was collaterally estopped

- 7 -

from raising this defense at the November 1994 hearing.  <u>Slagle</u>, 11 Va. App. at 344, 398 S.E.2d at 348 (quoting <u>Bailey Lumber Co.</u>, 221 Va. at 640, 272 S.E.2d at 218).  No new evidence was presented to prove that the claimant had retired.

## IV. Referral

In the May 1992 opinion, Deputy Commissioner Tabb stated that "we do not find that Dr. Young's letter of May 1, 1992 is a referral of the claimant for chiropractic treatment but only an acknowledgement that the claimant may so independently seek such treatment."  Nonetheless, the commission held that Eastman was responsible for chiropractic treatment rendered by Dr. Pollock beginning May 6, 1992.  The commission based this holding on a letter dated December 2, 1993, in which Dr. Young states that "[p]rior to [the claimant's] chiropractic treatment [he] spoke with Dr. Michael Pollock concerning [the claimant's] care and authorized [the claimant's] care with Dr. Pollock."

Deputy Commissioner Tabb's finding that Dr. Young did not refer the claimant for chiropractic treatment prior to May 5, 1992 does not preclude the claimant from proving as part of his subsequent claim alleging a change in condition that Dr. Young thereafter referred claimant to Dr. Pollock subsequent to May 5, 1992.  See Mace v. Merchants Delivery Moving & Storage, 221 Va. 401, 405, 270 S.E.2d 717, 719 (1980) (holding that "a change in an attending physician's opinion concerning an employee's ability to resume work" is sufficient to prove a change in condition).  Obviously, Dr. Young's letter of December 2, 1993 was not before Deputy Commissioner Tabb, nor "available and known" at the time of the May 5, 1992 hearing.  Cf. Mize v. Rocky Mount Ready Mix, Inc., 11 Va. App. 601, 614, 401 S.E.2d 200, 207 (1991) ("Failing

to obtain the medical records which were available and known does not constitute due diligence."). Dr. Young's letter proves that he subsequently referred the claimant to Dr. Pollock, and is sufficient to require that we affirm the commission's holding that Eastman is responsible for all medical treatment rendered by Dr. Pollock beginning May 6, 1992.

In summary, we hold that the commission erred by awarding claimant temporary total disability benefits, but did not err in awarding the medical benefits authorized by the attending physician. Therefore, we reverse the commission's decision in part and remand with instructions to enter an order consistent with this opinion.

<u>Affirmed in part,
reversed in part,
and remanded.</u>