COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Lemons


NORA H. BURGAN
                                    MEMORANDUM OPINION[*]
v.    Record Nos. 0720-98-4 and 1417-98-4      PER CURIAM
                                         MAY 4, 1999
EZZAT ZEIN


                FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                        Stanley P. Klein, Judge

            (Nora H. Burgan, pro se, on brief).

            No brief for appellee.


     In these cases, Nora H. Burgan appeals the decision of the

circuit court denying her motion for sole custody and reducing

the amount of income imputed to Ezzat Zein.  Burgan contends

that the trial court erred by (1) retaining joint custody

despite evidence that Zein assaulted her; (2) retaining joint

custody after failing to find that Zein medically neglected and

psychologically abused the parties' children; and (3) imputing

less income to Zein.  Upon reviewing the record and opening

brief, we conclude that these appeals are without merit.

Accordingly, we summarily affirm the decision of the trial

court.  See Rule 5A:27.

---

     [*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

<u>Procedural History</u>

Burgan filed a motion to consolidate these cases. For the reasons detailed below, we grant Burgan's motion.

Pursuant to Code § 8.01-675.3, a notice of appeal to the Court of Appeals "shall be filed within thirty days from the date of any final judgment order, decree or conviction. When an appeal from an interlocutory decree or order is permitted, the appeal shall be filed within thirty days from the date of such decree or order . . . ."

From December 1, 1997 through May 22, 1998, the trial court issued several rulings from the bench and entered several orders in this matter. The trial judge ruled on custody from the bench on December 1, 1997. Burgan filed a motion for reconsideration on January 22, 1998. While issuing a ruling on child support from the bench during the January 23, 1998 hearing, the trial judge noted that "I've heard the custody determination and I've made my ruling subject to any appeal that either of the parties may file." The order denying Burgan's motion to change custody was entered February 18, 1998. On March 27, 1998, Burgan filed a Counter Notice of Appeal, referencing a March 13, 1998 order of the trial court. No order was entered on March 13, 1998, although the trial court issued an opinion letter on that date.

By order entered May 22, 1998, the trial court entered a final order, setting child support and denying Burgan's motion

- 2 -

for reconsideration.  Burgan filed a second notice of appeal on June 19, 1998, setting out the identical issues contained in her Counter Notice of Appeal.

Our review of the record indicates that the final appealable order in this matter was entered on May 22, 1998. The appeal in Record No. 1417-98-4 was timely filed within thirty days of this order.  Because the issues raised in Record Nos. 0720-98-4 and 1417-98-4 are identical, we grant Burgan's motion to consolidate these appeals.

### Denial of Motion to Modify Custody

Burgan contends that the trial court erred by failing to modify the current arrangement of joint legal custody.  In support of her motion, Burgan alleged to the trial court that Zein assaulted her in the children's presence and that Zein medically neglected and psychologically abused the parties' children.

> The trial court may "revise and alter such decree concerning the care, custody and maintenance of the children and make a new decree concerning the same, as the circumstances of the parents and the benefit of the children may require."  Code § 20-108.  In determining whether a change in custody is warranted, the trial court applies a two-part test:  (1) whether there has been a change of circumstances since the most recent custody award; and (2) whether such a change would be in the best interests of the child.  On appeal, we review the evidence in the light most favorable to the prevailing party below.  "The trial court's

- 3 -

> decision, when based upon an <u>ore</u> <u>tenus</u> hearing, is entitled to great weight and will not be disturbed unless plainly wrong or without evidence to support it."

<u>Hughes v. Gentry</u>, 18 Va. App. 318, 321-22, 443 S.E.2d 448, 451 (1994) (citations omitted).

The trial judge noted that he had based his decision upon his credibility determinations, and in light of what was in the best interests of the children.  Based upon the testimony received at the <u>ore</u> <u>tenus</u> hearing, the trial judge found Zein's testimony to be more credible regarding the circumstances surrounding Burgan's allegations.  The trial judge also noted "nothing that I've heard . . . convinces me by a preponderance of the evidence that stripping this father of his title as being a co-legal custodian is the best interest of the children."

Under Virginia law, lack of mutuality of parties prevents a prior criminal conviction from precluding a subsequent civil action.  <u>See, e.g.</u>, <u>Selected Risks Ins. Co. v. Dean</u>, 233 Va. 260, 355 S.E.2d 579 (1987); <u>Norfolk and Western Ry. Co. v. Bailey</u>, 221 Va. 638, 272 S.E.2d 217 (1980).  Therefore, the trial court was not required to find Zein's 1996 conviction for assault binding as to Burgan's current allegations.

Similarly, Burgan contended below that the medical evidence supported her claim that Zein abused the children.  However, the trial court found that the documentary and testamentary evidence did not support Burgan's claim that Zein was guilty of abusing

the children by denying them medical treatment or subjecting them to psychological abuse.

Based upon the testimony, the trial judge's conversation in camera with the children, and his extensive knowledge of the parties over the multiple hearings in the past, he found insufficient evidence to support a finding that Zein continued to assault Burgan or abuse the children.  The trial court's findings were supported by the evidence.  Therefore, we affirm the trial court's denial of Burgan's motion to modify custody.

### Imputation of Income

Based upon the evidence produced by the parties, the trial court found that there was a material change in circumstances warranting a reduction in child support.  Previously, the trial court imputed $75,000 in annual income to Zein, based upon the evidence that he voluntarily walked away from the parties' business known as "Samadi Sweets."  That business was now operated by Burgan, who testified that she purchased the business in August 1996.  Burgan also testified that she was unable to draw a salary from the business because it was making no money.  While Burgan contended that Zein sabotaged the business, the unrefuted evidence concerning the business' current profits supports the trial court's finding.

The trial court attributed $3,500 in monthly income to Zein, based upon a representation made by Zein's former attorney

to the trial court.  Because the trial court's decision is supported by evidence, we find no error.

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed.</u>