COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Felton and Senior Judge Willis


JACQUELINE L. PALMER

                                    MEMORANDUM OPINION*
v.    Record No. 0060-03-1              PER CURIAM
                                        MAY 6, 2003
SUPPORT SERVICES OF VIRGINIA, INC. AND
 TWIN CITY FIRE INSURANCE COMPANY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Jacqueline L. Palmer, pro se, on brief).

                (Adam S. Rafal; Vandeventer Black L.L.P., on
                brief), for appellees.


    Jacqueline L. Palmer (claimant) contends the Workers'

Compensation Commission erred in finding that the doctrine of

collateral estoppel barred her January 15, 2002

change-in-condition application because the issue of whether she

was entitled to a change in treating physicians had been

previously litigated.[1]  Upon reviewing the record and the

parties' briefs, we conclude that this appeal is without merit.

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

        [1] Although claimant raises fourteen separate Questions
Presented in her opening brief, we find that this issue was the
sole issue before the commission when it rendered its December
10, 2002 decision from which claimant has appealed to this
Court.  Thus, this issue is dispositive of this appeal, and is
the sole issue we will address on appeal.

Accordingly, we summarily affirm the commission's decision.
Rule 5A:27.

In ruling that claimant's application was barred by collateral estoppel, the commission found as follows:

> The claimant has not seen Dr. [Colin] Hamilton since May 6, 1998.  There is no evidence Dr. Hamilton would refuse to treat the claimant.  Since the claimant submitted no new evidence to support her application for a change in treating physicians, this case has therefore already been litigated, and is barred by collateral estoppel.

The doctrine of collateral estoppel applies "in a subsequent action based upon a collateral and different cause of action."  Bates v. Devers, 214 Va. 667, 671, 202 S.E.2d 917, 921 (1974).  "Under the principle of collateral estoppel, 'the parties to the first action and their privies are precluded from litigating [in a subsequent action] any issue of fact actually litigated and essential to a valid and final personal judgment in the first action.'"  Slagle v. Slagle, 11 Va. App. 341, 344, 398 S.E.2d 346, 348 (1990) (quoting Norfolk & W. Ry. v. Bailey Lumber Co., 221 Va. 638, 640, 272 S.E.2d 217, 218 (1980)).  "'[A]n appropriate test for determining the identity of issues involved in former and subsequent actions is "whether the same evidence will support both actions."'"  Allegheny Airlines, Inc. v. Merillat, 14 Va. App. 341, 343, 416 S.E.2d 467, 469 (1992) (citations omitted).

The issue of whether claimant was entitled to a change in treating physicians from Dr. Hamilton was actually litigated and decided in the deputy commissioners' April 16, 1998 and March 3, 1999 opinions.  Claimant did not appeal either decision. Claimant presented no new evidence to support her January 15, 2002 change-in-condition application.  Accordingly, the commission did not err in holding that the doctrine of collateral estoppel barred it from considering claimant's January 15, 2002 application.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>