# CIRCUIT COURT OF PRINCE GEORGE COUNTY

Genesis Development
Ventures, L.L.C.

    v.            .

Perkinson
Construction, L.L.C.

April 28, 2016

Case No. CL13-681

By Judge W. Allan Sharrett

The Court must decide whether to dismiss the case with prejudice based on Defendant's Pleas in Bar of statute of limitations and of collateral estoppel.

*Facts*

Plaintiff Genesis Development Ventures, L.L.C. ("Genesis") filed its Complaint against Defendant Perkinson Construction, L.L.C. ("Perkinson") on or about September 16, 2011, seeking damages in the amount of $425,000.00 plus interest, costs, and attorney's fees. The basic facts of the case are as follows.

Both parties are limited liability companies with principal places of business in Prince George, Virginia. Under a contract dated January 23, 2005 ("Contract"), Perkinson was to perform certain site and utility work on a project designated as Pleasant Grove Estates Section II ("Project"). Plaintiff now alleges Defendant breached the Contract by failing and refusing to utilize proper construction means and methods in accordance with the Contract and plans for the Project and by abandoning the Contract

prior to completing the Contract work and prior to correcting defective work. Plaintiff also alleges Defendant negligently performed its work.

In February 2006, Defendant filed a Mechanic's Lien action against Plaintiff as a result of Plaintiff's failure to pay for work performed pursuant to the Contract. Plaintiff "bonded off" Defendant's lien, and the parties resolved the action by agreed order. Subsequently, and without a new contract, Defendant returned to the job-site and continued to work on the Project until September 25, 2006, when Plaintiff terminated the Contract.

Defendant now asserts through its pleas in bar that the causes of action did not accrue to Plaintiff within three or five years preceding the commencement of this action, and is, therefore, barred by the statute of limitations. Additionally, Defendant asserts Plaintiff is barred by the doctrine of collateral estoppel. As such, Defendant asks the Court to dismiss Plaintiff's Complaint with prejudice.

## Discussion

A plea in bar serves to narrow litigation by resolving an issue that will determine whether a plaintiff may proceed to trial on a particular cause of action. *Hawthorne v. VanMarter*, 279 Va. 566, 578, 692 S.E.2d 226, 234 (2010). It "asserts a single issue, which, if proved, creates a bar to a plaintiff's recovery." *Id.* at 577, 692 S.E.2d at 233. The asserting party bears the burden of proof on the issue presented. *Id.* The trial court may base its decision on a discrete body of facts identified by the parties through their pleadings, or developed through the presentation of evidence supporting or opposing the plea. *Hawthorne*, 279 Va. at 577-78, 692 S.E.2d at 233-34. If the facts underlying the plea in bar are contested, a party may demand that a jury decide the factual issues raised by the plea. *Id.*

Pursuant to Virginia Code § 8.01-246, causes of action based on a breach of a written contract must be brought within five years after the cause of action accrues. Va. Code Ann. § 8.01-246 (2016). Actions based on a breach of an oral contract must be brought within three years.

In the instant case, the Contract setting forth the terms of the agreement was signed on January 23, 2005. Prior to Defendant's returning to the job site in May 2006, Plaintiff and Defendant attempted to reach a new agreement, but their efforts were unsuccessful. However, in the correspondence cited by both parties in their briefs, one item they were able to agree on, in paragraph 11 of the letters dated April 17, 2006, and April 18, 2006, was that the Contract signed on January 23, 2005, would remain in full force and effect where it conflicted with any new agreement. Additionally in a letter dated April 20, 2006, Plaintiff stated, "Failure to reach any agreement will result in the original contract as the only agreement between Perkinson Construction and Genesis Development." Thus, this Court finds that the valid, written contract between the parties dated January 23, 2005, was still

in effect when Defendant returned to the work site in May 2006. As such, Virginia's five-year statute of limitations applies to this action.

Further, the Court finds the Contract was an indivisible and executory contract. The Virginia Supreme Court has held that a party seeking to recover for breach of an indivisible and executory contract may choose to pursue his remedy when the breach occurs or to wait until the time for final performance fixed by the contract has passed. *Roberts v. Coal Procession Corp.*, 235 Va. 556, 561, 369 S.E.2d 188, 190 (1988). Thus, under the provisions of the Contract, the rights of action of the Plaintiff did not arise, and the statute of limitations did not run against Plaintiff, until the end of the Contract's term. Genesis terminated Perkinson's Contract as of September 25, 2006. Accordingly, Plaintiff had until September 25, 2011, to file suit. Therefore, the statute of limitations had not yet run on September 16, 2011.

Plaintiff here also seeks to recover damages for Defendant's negligent acts in the course of completing the Project. In Virginia, a cause of action for a tort injury to a person or property accrues when the injury is sustained and not when the resulting injury is discovered. Va. Code Ann. § 8.01-230 (2016). Plaintiff argues that, because the Contract was executory, Plaintiff could not determine what issues could or may have caused damage to the property until after it determined whether Defendant would return to the project and correct the deficiencies, and thus the statute of limitations did not accrue until the Contract was terminated effective September 25, 2006. Defendant argues that the cause of action accrued when the Plaintiff first complained of the injury in February 2006.

The Court finds that the cause of action for negligence accrued when the injury occurred, which would have been in February 2006, when Plaintiff first complained of the negligent acts, if not earlier. Plaintiff did not need to wait until the Contract was terminated to pursue its right of action. Thus, the statute of limitations had run on the negligence count in February 2011, prior to September 16, 2011, when Plaintiff filed its Complaint.

Turning to the Plea of Collateral Estoppel, the Court will not dismiss the case in its entirety. The doctrine of collateral estoppel bars parties from litigating any issue of fact actually litigated and essential to a valid, final judgment in a prior action. *Norfolk & Western Ry. v. Bailey*, 221 Va. 638, 640, 272 S.E.2d 217 (1980). Defendant here argues the Mechanic's Lien ("the first action") previously filed by Defendant bars the current action. In the first action, Defendant filed the lien as a result of a dispute over the retainage requirement in the Contract. In the course of resolving the first action, Plaintiff also raised issues regarding items in the Contract that had not yet been completed by Defendant, and that would need to be completed before the Project ended in June 2006. However, these issues raised were potential claims that could arise from the executory contract. It was unnecessary for Plaintiff to avail itself of a cause of action on those issues in the first action, and the Court finds that those issues were not in fact

a part of the first action. Additionally, the Agreed Order disposing of the Mechanic's Lien states that the satisfaction of the lien is based upon "the joint representation of counsel for the parties that the matters at issue before them as expressed in the aforementioned Petition have been compromised, agreed, and settled."

Therefore, to the extent the first action settled issues regarding the retainage fee reduction and sums due and owing to the Defendant as a result, those issues will be barred from the current action. However, Genesis may litigate any issues arising out of the Contract that were not expressed in the Petition for the Mechanic's Lien and settled by the agreed Order dated May 4, 2006, disposing of the Mechanic's Lien.

## Conclusion

Accordingly, for the reasons stated herein, Defendant's Plea of Statute of Limitations is denied as to the contract count, and is granted as to the negligence count. Defendant's Plea of Collateral Estoppel is denied in part.