## HAMPTON ROADS SANITATION DISTRICT

### V.

## CITY OF VIRGINIA BEACH

Record No. 900020

September 21, 1990

Present: All the Justices

*Gordon B. Tayloe, Jr. (Kellam, Pickrell, Cox & Tayloe*, on briefs), for appellant.

*Richard H. Matthews (John J. O'Keefe, III; C. Jay Robbins, IV; Glanzer & Matthews; Outland, Gray, O'Keefe & Hubbard*, on brief), for appellees.

JUSTICE STEPHENSON delivered the opinion of the Court.

This appeal involves issues of statutory immunity and collateral estoppel.

Jerry F. McDonnell filed a motion for judgment against Hampton Roads Sanitation District Commission (Hampton Roads) seeking compensation for damage to his land. McDonnell alleged that Hampton Roads wrongfully had discharged sewage and other pollutants onto his land. In addition to filing a plea of governmental immunity and a grounds of defense to the motion for judgment, Hampton Roads filed a third-party motion for judgment against the City of Virginia Beach (the City).

In its third-party motion for judgment, Hampton Roads alleged that the overflows and discharges of pollutants onto McDonnell's

property resulted from "excessive infiltration and inflow of water into the sewage collector lines owned by the City." Therefore, the cause of any damage to McDonnell was "the action of the City in delivering to the [Hampton Roads'] pump station an excessive amount of non-sewage water from the City storm sewage system." Consequently, Hampton Roads requested that in the event of a judgment in favor of McDonnell against it, a judgment be entered "directly against [the] City for the same, as well as a judgment-over in favor of [Hampton Roads] against [the] City in the same amount, or in the alternative, [Hampton Roads] be awarded judgment against the City for its share in contribution."

In its grounds of defense to the third-party motion for judgment, the City, *inter alia*, denied responsibility for McDonnell's damages and asserted that if McDonnell sustained damages, "they are the sole responsibility of [Hampton Roads]." Thereafter, the City filed a motion to sever the third-party motion for judgment, asserting that "the case between [McDonnell] and [Hampton Roads] is extremely complicated with a multitude of issues and that the issues between [Hampton Roads] and [the City] are different, large in number and complicated resulting in a case that would be extremely confusing for a jury." By order entered October 12, 1983, the third-party action was severed.

McDonnell's action against Hampton Roads was tried by a jury, which returned a verdict in favor of McDonnell for $100,000 compensatory damages. Judgment was entered thereon and Hampton Roads appealed. In the appeal, we affirmed the judgment. *Hampton Roads Sanitation District* v. *McDonnell*, 234 Va. 235, 360 S.E.2d 841 (1987).

The pertinent facts, as stated in *McDonnell*, were as follows:

Hampton Roads, a political subdivision of the Commonwealth . . . , owns and operates a sewerage system in conjunction with the sewerage systems of various cities and counties in the Tidewater area. Hampton Roads receives wastewater from various cities and counties, transmits the wastewater to its treatment plants, treats the wastewater, and discharges the treated effluent into various bodies of water.

. . . .

A pump station owned and operated by Hampton Roads is located near McDonnell's land. The pump station receives

sewage from the City's system and pumps it into Hampton Roads' system. Under normal conditions, the flow from the City's system passes into and through the pump station. When the flow reaches approximately three times the normal quantity, however, the pump station cannot accommodate the wastewater. In such a situation, a bypass valve opens, diverting the overflow from the pump station and discharging the wastewater upon McDonnell's property. Hampton Roads' general manager testified that "[t]he pump station was constructed [in 1969] specifically to allow [wastewater] to bypass" onto the land now owned by McDonnell.

*Id.* at 237, 360 S.E.2d at 842.

In *McDonnell*, Hampton Roads contended that as a matter of law it was not guilty of trespassing upon McDonnell's land. Further, Hampton Roads contended that if a trespass did occur, the City, not Hampton Roads, was the guilty party because the discharge resulted from excessive water in the City's collector lines. *Id.* at 239, 360 S.E.2d at 844. In rejecting this contention, the trial court held that, as a matter of law, Hampton Roads was guilty of trespass, and we agreed. *Id.* at 240, 360 S.E.2d at 844. In so holding, however, we noted that "Hampton Roads [had] filed a third-party action against the City that was severed by the trial court [and that] [w]e express[ed] no opinion regarding the liability of the City vis-a-vis Hampton Roads." *Id.* at 240 n.3, 360 S.E.2d at 844 n.3.

The present case involves the third-party action. At the close of Hampton Roads' evidence, the City moved to strike the evidence. The trial court granted the City's motion and entered judgment for the City. In its oral opinion from the bench, the trial court ruled that, because Hampton Roads was guilty of trespass, § 46 of the enabling act, Acts 1960, c. 66, precluded it from recovering damages from the City. Section 46 reads, in pertinent part, as follows:

No pecuniary liability of any kind shall be imposed upon any county, city, town or other political subdivision constituting any part of the District because of any act, agreement, contract, tort, malfeasance, misfeasance, or nonfeasance, by or on the part of the Commission, or any member of the

Commission, or any of its officers, agents and employees
. . . .

■ Section 46 immunizes the City from liability for a wrongful act committed by Hampton Roads. The section, however, does not immunize the City from liability for its own alleged wrongful act; *i.e.*, the delivery of an excessive amount of non-sewage water to Hampton Roads' pump station, which is the focus of the third-party action.

■ The trial court also opined that, because Hampton Roads had litigated and lost the trespass issue, the City thereby was exonerated. Without so labeling its ruling, the trial court apparently relied upon the doctrine of collateral estoppel.

■ Under the collateral estoppel concept, the parties to a prior action and their privies are precluded from litigating in a subsequent action any factual issue that actually was litigated and was essential to a valid and final personal judgment in the prior action. *N. & W. v. Bailey*, 221 Va. 638, 640, 272 S.E.2d 217, 218 (1980); *Bates v. Devers*, 214 Va. 667, 671, 202 S.E.2d 917, 921 (1974). In Virginia, it is well established that collateral estoppel requires mutuality, *i.e.*, "a litigant is generally prevented from invoking the preclusive force of a judgment unless he would have been bound had the prior litigation of the issue reached the opposite result." *Bailey*, 221 Va. at 640, 272 S.E.2d at 218.

■ In *McDonnell*, the issue actually litigated and essential to the final judgment was whether Hampton Roads was guilty of trespass. The City was not a party to that action and is not in privity with Hampton Roads. Thus, mutuality is lacking. Furthermore, the issue to be litigated in the present action is different. In this case, the issue is whether the City wrongfully delivered to Hampton Roads' pump station an excessive amount of non-sewage water from the City's storm water system. For these reasons, Hampton Roads is not estopped by virtue of the judgment in *McDonnell* from prosecuting the third-party action against the City.

Accordingly, we will reverse the trial court's judgment and remand the case for further proceedings consistent with the views expressed herein.

*Reversed and remanded.*