KEITH EDWARD ANGSTADT, ET AL.

V.

ATLANTIC MUTUAL INSURANCE COMPANY

Record No. 941119

April 21, 1995

Present: All the Justices

*Benjamin W. Glass, III (Shevlin & Glass,* on brief), for appellants.

*Allen W. Beasley (Darlene P. Bradberry; Breeden, MacMillan & Green,* on brief), for appellee.

JUSTICE STEPHENSON delivered the opinion of the Court.

The principal issue in this appeal is whether the trial court erred in applying the doctrine of collateral estoppel. Two evidentiary issues also are presented.

Atlantic Mutual Insurance Company (Atlantic) instituted this declaratory judgment proceeding against Keith Edward Angstadt, Raymond Rask, and Multicomm Telecommunications, Inc. (Multicomm), seeking to be relieved of any duty to pay a judgment that Angstadt had obtained against Rask and Multicomm in an underlying tort action. Rask was Multicomm's employee, and

Atlantic, Multicomm's liability insurance carrier, insured both Rask and Multicomm.

In the underlying tort case, Angstadt had sued Rask and Multicomm (collectively, the defendants), claiming that he had been injured as a result of the defendants' negligent installation of a microwave transmitter. Rask resided and conducted business in Salt Lake City, Utah, and the trial court had ordered Rask to appear for a *de bene esse* deposition in Salt Lake City. Rask failed to attend the deposition, and, as a result, the trial court granted Angstadt a default judgment against the defendants on the issue of liability.

Upon learning of the default judgment, Atlantic concluded that the defendants had breached the "cooperation clause" of its insurance policy, and, therefore, it owed no further duty to defend the defendants. Thereupon, Atlantic sent the defendants a letter advising that it was disclaiming coverage. Atlantic's disclaimer letter stated that Rask's failure to attend the *de bene esse* deposition and the resulting default judgment "is a clear and obvious violation" of the cooperation clause of the insurance policy.

The underlying case proceeded only on the issue of damages. In a bench trial, Angstadt recovered a judgment awarding compensatory damages of $1,650,000 and punitive damages of $350,000.

In the present declaratory judgment action, Atlantic, relying upon the doctrine of collateral estoppel, moved for summary judgment. Atlantic contended that the court's finding in the underlying tort case, that Rask had violated the court's order, established as a matter of law that the defendants had failed to cooperate with it, as required by the insurance policy. The trial court agreed with Atlantic and entered summary judgment. Angstadt, Rask, and Multicomm appeal.

The doctrine of collateral estoppel precludes parties to a prior action and their privies from litigating in a subsequent action any factual issue that actually was litigated and was essential to a valid, final judgment in the prior action. *Glasco* v. *Ballard*, 249 Va. 61, 64, 452 S.E.2d 854, 855 (1995); *Bates* v. *Devers*, 214 Va. 667, 671, 202 S.E.2d 917, 921 (1974). For collateral estoppel to apply, the following requirements must be met: (1) the parties to the prior and subsequent proceedings, or their privies, must be the same, (2) the factual issue sought to be litigated actually must have been litigated in the prior action, (3) the factual issue must have been essential to the judgment in the prior proceeding, and

(4) the prior action must have resulted in a judgment that is valid, final, and against the party against whom the doctrine is sought to be applied. *Glasco*, 249 Va. at 64, 452 S.E.2d at 855; *Bates*, 214 Va. at 671, 202 S.E.2d at 921. In addition to these elements, there also must be "mutuality," *i.e.*, a litigant cannot invoke collateral estoppel unless he would have been bound had the litigation of the issue in the prior action reached the opposite result. *Hampton Roads San. Dist. v. City of Va. Beach*, 240 Va. 209, 213, 396 S.E.2d 656, 658 (1990).

■ In the present case, none of the requirements for the application of collateral estoppel is met. First, identity of parties is lacking. Atlantic was not a party to the underlying tort action; nor was Atlantic in privity with the defendants in that action. Privity ordinarily involves "a party so identical in interest with another that he represents the same legal right." *Nero v. Ferris*, 222 Va. 807, 813, 284 S.E.2d 828, 831 (1981). A determination of who are privies requires a careful examination of the circumstances of each case. *Id*. Although the defendants and Atlantic may have been privies at the outset of the underlying tort action, a careful examination of the circumstances of the case reveals that their interests ceased to be identical, and instead became adversarial, when Atlantic denied coverage and withdrew its representation of the defendants.

Second, the factual issues litigated with respect to entry of the default judgment in the underlying tort action are not identical to the issues sought to be litigated in the present declaratory judgment proceeding. The tort action involved the question whether Rask violated the court's order. The present case involves the question whether the defendants breached the cooperation clause of Atlantic's insurance policy.

■ Finally, there is no mutuality. Clearly, because Atlantic was not a party to the prior litigation, it would not have been bound had an opposite result been reached. *See, e.g., Selected Risks Insurance Co. v. Dean*, 233 Va. 260, 355 S.E.2d 579 (1987); *N. & W. v. Bailey*, 221 Va. 638, 272 S.E.2d 217 (1980). For these reasons, the trial court erred in applying the doctrine of collateral estoppel.

We now turn to the evidentiary issues. In the present declaratory judgment action, Angstadt and the defendants filed motions *in limine* seeking (1) to preclude Atlantic from introducing into evidence proof of the default judgment entered in the prior tort

action, and (2) to limit Atlantic's proof of alleged acts of non-cooperation to the grounds stated in its disclaimer letter, *i.e.*, Rask's failure to attend the *de bene esse* deposition. The trial court denied both motions.

■ We think the trial court erred in ruling that Atlantic could prove the entry of the default judgment. The trial court's sanctioning of the defendants by entry of the default judgment in the underlying tort action is irrelevant to the question in the present case, *i.e.*, whether the defendants breached the cooperation clause of the insurance policy. Additionally, Angstadt and the defendants would have been highly prejudiced by such evidence.

■ We think the trial court correctly refused to limit Atlantic's proof of non-cooperation to the grounds stated in its disclaimer letter. The letter is not a pleading, and such a restrictive ruling would have been unfair to the insurer.*

In sum, we hold that, because the doctrine of collateral estoppel is inapplicable, the trial court erred in granting summary judgment for Atlantic. Accordingly, we will reverse the judgment and remand the case for further proceedings consistent with the views expressed in this opinion.

*Reversed and remanded.*

---

* Angstadt and the defendants also contend that Atlantic waived its claim of non-cooperation based upon grounds not stated in its disclaimer letter because Atlantic failed to send a copy of its "reservation of rights" letter to the claimant or the claimant's attorney, as required by Code § 38.2-2226. We express no opinion about this contention because the matter was not developed in the trial court. Therefore, consideration of this issue on remand is not precluded.