## CIRCUIT COURT OF THE CITY OF NORFOLK

Paul J. Romeo et al.

   v.

Izaak V. Glasser et al.

   v.

Tidewater Title Ins. Agency

February 29, 1996

Case No. (Law) L94-1348

BY JUDGE JOHN C. MORRISON, JR.

Third-party defendant, Tidewater Title Insurance Agency of Virginia, Inc., relying on the doctrine of collateral estoppel, seeks to have this court sustain its Demurrer against third-party plaintiffs, Izaak V. Glasser and Glasser & Macon, P.C. (collectively Glasser).[1] Tidewater Title argues that Glasser's Third-Party Motion for Judgment fails to state a cause of action upon which relief can be granted because the issue of its negligence was or could have been litigated when this court sustained First American's Demurrer.

The underlying action between plaintiffs, Paul J. and Nancy E. Romeo, and defendants, Glasser, Beck Associates, and First American Title Insurance Company (First American), resulted from plaintiffs' purchase of a parcel of land containing a fifteen-foot easement owed by Virginia Electric and Power Company (Virginia Power), which they claim defendants failed to discover or note. Defendants Beck Associates and First American responded to plaintiffs' action by filing Demurrers. In an order dated No-

---

[1] Although Tidewater Title's original motion included Pleas of Res Judicata, Collateral Estoppel, and Estoppel by Judgment, its supporting memorandum and oral arguments relied solely on the doctrine of collateral estoppel.

vember 22, 1994, this court denied Beck Associates' Demurrer and granted First American's, Demurrer, ruling that the title insurance policy exception was clearly to the fifteen-foot Virginia Power easement appearing on page 215 of Deed Book 2266.

Thereafter, Glasser filed a Motion for Summary Judgment, contending that plaintiffs' failure to comply with the notice requirements of Virginia Code § 56-265.17, constituted negligence *per se*, which superseded Glasser's alleged negligence. In response, on June 16, 1995, this court entered an order overruling Glasser's Motion. Glasser next filed a Third-Party Motion for Judgment against Tidewater Title, alleging that Tidewater Title negligently performed its title examination and binder preparation by erroneously describing the fifteen foot Virginia Power easement through the middle of the property and by failing to note another seventy-five foot Virginia Power easement. Tidewater Title answered by filing a Demurrer, which is the subject of this opinion, and Motion to Crave Oyer, which was sustained at the September 29, 1995, hearing, by agreement of the parties.

The court has considered and reviewed the arguments made by the parties and overrules Tidewater Title's Demurrer based on the fact that Tidewater Title has failed to meet the five requirements necessary for collateral estoppel to apply.

The doctrine of collateral estoppel bars parties to a prior proceeding from relitigating actually litigated factual issues which were essential to a valid, final judgment. *Glasco v. Ballard*, 249 Va. 61, 64 (1995) (citing *Bates v. Devers*, 214 Va. 667, 671 (1974)). In fact, a court may apply the doctrine even when the subsequent proceeding involves a different claim for relief. *Id.* (citing *Pickeral v. Federal Land Bank*, 177 Va. 743, 750 (1941)). A court may only apply the doctrine of collateral estoppel, however, when the following requirements have been met: (1) the parties must be the same or privies; (2) the factual issue must have been actually litigated in a prior proceeding; (3) the factual issue must have been essential to the prior judgment; and (4) the prior proceeding must have resulted in a judgment that is valid, final *and against the party against whom the doctrine is sought to be applied. Id.* (citation omitted). Moreover, the Virginia Supreme Court has recently held that the party seeking to have the court apply the doctrine must also show that he would have been bound had the litigation of the factual issue in the prior action reached the

opposite result.[2] *Angstadt v. Atlantic Mutual Ins. Co.*, 249 Va. 444, 447 (1995) (citing *Hampton Roads San. Dist. v. City of Va. Beach*, 240 Va. 209, 213 (1990)).

Discussing the first requirement, that the parties be the same or in privity, the court in *Angstadt* opined that privies are parties so identical in interest that they represent the same legal right. *Angstadt*, 249 Va. at 447 (citing *Nero v. Ferris*, 222 Va. 807, 813 (1981)). Furthermore, the parties' interests must remain identical throughout the litigation. Thus, in determining whether two parties are in privity, a court should carefully examine the facts and circumstances of each case instead of merely applying a fixed definition of the term. *Id.* The party in *Angstadt* seeking to have that court apply the doctrine of collateral estoppel was an insurance company who wanted to refuse coverage to an employer whose employee committed a tort, on the basis of the court's finding in a prior proceeding that the defendants had failed to cooperate with the insurer. The court found that although the parties were privies at the outset of the litigation, they ceased being privies when their interests became adversarial.

Additionally, with regard to requirements 2 and 3, the Supreme Court in *Angstadt* ruled that the factual issues litigated in the prior action must be identical to the factual issues sought to be litigated in the current action. *Angstadt*, 249 Va. at 447. The court in *Angstadt* found that the issues raised in the tort action, which were the basis of the prior proceeding, were not identical to the factual issues raised by the insurance company's declaratory judgment proceeding. *Id.*

Finally, in *Angstadt*, the Supreme Court reiterated the importance of the mutuality requirement that the party seeking to have the court apply the doctrine of collateral estoppel must prove that it would have been bound had the opposite result been reached in the prior proceeding. Although the fifth requirement, the mutuality requirement, may have been vaguely expressed in the past, the Supreme Court took the opportunity in *Angstadt* to make it clear that the Commonwealth does not recognize non-mutual collateral estoppel.

In the instant case, Tidewater Title, who performed the title examination which served as the basis for the issuance by First American of plaintiffs' title insurance policy, wishes to have this court rule that Glasser is collat-

---

[2] In its brief, Tidewater Title briefly mentions the mutuality requirement and fails to mention *Angstadt*, decided by the Virginia Supreme Court in April of 1995, which specifically includes mutuality as a requirement of collateral estoppel.

erally estopped from bringing a negligence action against it because the issue of its negligence has been litigated. Tidewater Title, although not a party to plaintiffs' underlying action, argues that when this court sustained its principal, First American's Demurrer, ruling that First American had not breached its contract to provide title insurance, it necessarily ruled that Tidewater Title was not negligent in performing its title examination. While true that Tidewater Title had a principal and agent relationship with First American with regard to the issuance of title insurance policies, the parties are not necessarily privies for purposes of collateral estoppel. That determination will depend on the facts and circumstances surrounding the parties relationship.

Upon plaintiffs' request, Glasser entered into a written contract with First American, through its local agent, Tidewater Title, to provide title insurance. Glasser also entered into a separate oral agreement with Tidewater Title to perform a title examination, which Glasser relied on at closing and which became the basis for the title insurance policy issued through Tidewater Title as First American's agent. Interestingly and in accord with industry standards, Glasser avers that it would have hired Tidewater Title to perform the title examination, regardless of whether or not plaintiffs had decided to buy a First American title insurance policy through Tidewater Title. (Third-Party Pl.'s Brief in Opposition at 5.) As such, Tidewater Title did not perform the title examination in its capacity as First American's agent. First American merely relied on Tidewater Title's title examination, as it would have relied on any title examination, in drafting its written contract to insure plaintiffs from any defects of title. Thus, considering Tidewater Title's dual role at closing, its interests are not so identical to First American's that they represent the same legal right.

With regard to the second and third requirements, that the factual issue sought to be litigated must have been essential to and actually litigated in the prior proceeding, Tidewater Title's argument also fails. In the prior proceeding, this court determined that First American had not breached its contract to provide title insurance by wrongfully refusing to cover plaintiffs' losses caused by the fifteen-foot Virginia Power easement. This court based its decision on the fact that the fifteen-foot easement "along the rear" of the property, which First American had taken exception to, was in fact the fifteen-foot easement which resulted in plaintiffs' loss.

In this case, however, Glasser is suing Tidewater Title for negligently performing the title examination, which Glasser relied on at closing. The

only factual issues which have actually been litigated involve the interpretation of the exception clause in the title insurance policy and how it affected First American's contract liability. Because the easement First American took exception to in its policy was the same easement which led to plaintiffs' loss, this court held that First American had not breached its contract to provide title insurance by refusing to reimburse plaintiffs. This court did not rule, as Tidewater Title argues, that First American was not negligent in conducting the title examination, nor would the court have had to in order to find that First American had not breached its contract. As such, the factual issues regarding Tidewater Title's negligence were neither actually litigated nor essential to the outcome of this court's ruling on First American's Demurrer.

Most importantly, collateral estoppel may only be applied by a party to a prior proceeding, against the party, against whom the court ruled in that proceeding. Pursuant to the fourth requirement, the prior proceeding, on which Tidewater Title relies, was a ruling on First American's Demurrer, which resulted in a final and valid judgment on the merits of the case. *See Griffin v. Griffin*, 183 Va. 443, 450 (1945). It did not, however, result in a final judgment against the party against whom the doctrine is sought to be applied in this proceeding. Tidewater Title seeks to have this court apply the doctrine of collateral estoppel against Glasser thereby precluding Glasser from relitigating the issue of negligence in the preparation of the title examination. This court's ruling on First American's Demurrer was, however, a final judgment against plaintiffs, not Glasser. Because the final judgment rendered in the prior proceeding was not against Glasser, this court is precluded from applying the doctrine of collateral estoppel against Glasser in favor of Tidewater Title.

Finally, nowhere does Tidewater Title assert that it would have been bound had the opposite result been reached in the prior proceeding. Tidewater Title merely argues that plaintiffs could have brought suit against Tidewater Title as First American's agent in their original Motion for Judgment. Insofar as Tidewater Title was neither a party to nor in privity with a party to the prior proceeding, however, the *Angstadt* court's mutuality requirement has not been met.

Tidewater Title has failed to prove that it was in privity with First American, that the issue of its negligence was actually litigated and essential to the outcome of the prior proceeding, that the final judgment was against Glasser, the party it is asserting the doctrine against, and most importantly, that Tidewater Title would have been bound had this court

reached the opposite result in the prior proceeding. As such, Glasser is not collaterally estopped from bringing its negligence action against Tidewater Title.

For the foregoing reasons, the Third-Party Defendant's Demurrer is overruled.