BENTON, Judge,
concurring.
I concur in the majority’s holding that our decision in Tench v. Commonwealth, 21 Va.App. 200, 462 S.E.2d 922 (1995)(en banc) is dispositive of appellant’s double jeopardy argument.
While I generally agree with most of the majority’s discussion of collateral estoppel, I believe that the following language of Code § 46.2-391.2(0 is dispositive of the collateral estoppel issue:
*173 The [general district] court’s findings [with regard to the review of the license suspension] are without prejudice to the person contesting the suspension or to any other potential party as to any proceedings, civil or criminal, and shall not be evidence in any proceedings, civil or criminal.
“In Virginia, it is well established that collateral estoppel requires mutuality.” Hampton Roads Sanitation Dist. v. City of Virginia Beach, 240 Va. 209, 213, 396 S.E.2d 656, 658 (1990). Under the mutuality doctrine, for which no exception applies in this case, “a litigant is generally prevented from invoking the preclusive force of a judgment unless he would have been bound had the prior litigation of the issue reached the opposite result.” N & W Railway Co. v. Bailey Lumber Co., 221 Va. 638, 640, 272 S.E.2d 217, 218 (1980). See also Angstadt v. Atlantic Mutual Ins. Co., 249 Va. 444, 447, 457 S.E.2d 86, 87 (1995). Under the language of Code § 46.2-391.2(C), no party to the license suspension hearing was bound by any ruling made by the general district court. Indeed, the statute states that the findings may not be used in any proceeding.
Thus, I would also affirm the conviction.