Vernon DUNCAN, et al., Plaintiffs,

v.

Charles R. PERDUE, Jr., et al., Defendants.

No. Civ.A. 97–49–A.

United States District Court,
W.D. Virginia,
Abingdon Division.

Nov. 24, 1997.

Barbara Hudson, Law Office of Barbara Hudson, Danville, VA, for Vernon NMN Duncan, Edward Remines.

James W. Dudley, Dudley Law Offices, Bluefield, VA, for Charles R. Perdue, Jr.

## OPINION AND ORDER

JONES, District Judge.

In this action for unpaid overtime under the Fair Labor Standards Act of 1938 [1], the plaintiffs have moved for partial summary judgment on the ground that certain of the employers' defenses are inadequate as a matter of law. I will grant the motion in part and deny it in part.

### I. Facts.

The plaintiffs, Vernon Duncan and Edward Remines, contend that they were previously employed by the defendants Charles R. Perdue, Jr. and Perdue and Sons of the Virginias, Incorporated ("Perdue and Sons") and that during such employment, the defendants failed to pay them overtime compensation of one and one half times their regular rate, as required by the FLSA. Perdue and Sons is engaged in the business of providing painting, wallpapering, floor covering, and tile work for residences and commercial buildings. Charles Perdue is the president and sole shareholder of Perdue and Sons. In March of 1995 Duncan was hired as a carpenter for an hourly wage and in June of 1995, Remines was hired on an hourly basis as a laborer, and was supervised by Duncan.

During his employment, Duncan bought two vehicles that were owned by either Perdue and Sons or Charles Perdue and according to Charles Perdue, agreed to pay for them by working additional hours on residen-

---

1. 29 U.S.C.A. §§ 201–219 ("FLSA").

tial property owned by Charles Perdue personally.

In August 1996, both Duncan and Remines quit. Charles Perdue brought suit against Duncan in the General District Court of Tazewell County, Virginia, for the balance of the vehicle debt owed by Duncan, and recovered a judgment in that court against him in the amount of $2,500.

Duncan and Remines claim that they worked overtime twelve to fifteen hours each week and were not paid overtime compensation.

## II. Contentions of the Parties.

The plaintiffs have filed a motion for partial summary judgment, based on the transcript of a deposition of Charles Perdue and an affidavit of Duncan, contending that the court should rule prior to trial that both defendants are covered by the FLSA, that both are liable for overtime wages, that the lack of accurate records shifts the burden of proof to the defendants as to the amount of overtime worked, that the defendants are liable, as a matter of law, for liquidated damages, and that the state court judgment obtained by Charles Perdue does not bar any portion of Duncan's claim.

In response, the defendants assert, based on Charles Perdue's deposition testimony and an additional affidavit by him, that the plaintiffs worked no more than forty hours per week for Perdue and Sons, that any other work done by them each week was on property owned by Charles Perdue personally, on a "independent" or "moonlighting" basis, and that even if the work done by them on Charles Perdue's personal property was "identical" to the work done by Perdue and Sons for its customers, no overtime payments were required.

In addition, the defendants allege that in the action in the Tazewell County General District Court, Duncan defended on the ground that Charles Perdue owed him money for overtime wages and the court ruled that Duncan was not owed any such wages. Accordingly, the defendants argue, Duncan's present claim is barred by this prior final judgment.

## III. Standard of Review.

Summary judgment is appropriate only when there are no genuine issues of material fact and when the moving party is entitled to judgment as a matter of law.[2] When the moving party bears the burden of persuasion on an issue at trial, its showing must sustain that burden as well as demonstrate the absence of a genuine dispute.[3] Thus, it must satisfy both the initial burden of production on the summary judgment motion—by showing that no genuine dispute exists as to any material fact—and the ultimate burden of persuasion on the claim made.[4] All facts and reasonable inferences must be viewed in the light most favorable to the nonmoving party.[5]

## IV. Individual Liability.

■ The FLSA defines an "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee...."[6] It is settled that personal liability may exist for managers under the FLSA, regardless of the corporate form of the business.[7]

■ There is no question but that Charles Perdue, as the sole owner and chief executive officer of Perdue and Sons, dealt exclusively with the plaintiffs in regard to the terms of their employment. If there is a violation of the FLSA, Charles Perdue is jointly and severally liable for it.

## V. Single Enterprise.

As far as the merits of the case are concerned, the principal issue appears to be

2. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

3. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 331–32, 106 S.Ct. 2548, 2556–57, 91 L.Ed.2d 265 (1986) (Brennan, J., dissenting).

4. *See Yancey v. Carroll County, Ky.,* 876 F.2d 1238, 1244 (6th Cir.1989).

5. *Anderson,* 477 U.S. at 255, 106 S.Ct. at 2513–14.

6. 29 U.S.C.A. § 203(d) (West 1978).

7. *Brock v. Hamad,* 867 F.2d 804, 809 n. 6 (4th Cir.1989).

whether the time worked by the plaintiffs on Charles Perdue's personal projects constituted unpaid overtime.

In this respect, the FLSA provides that, "[n]o employer shall employ any of his employees who in any workweek is engaged in commerce ... *or is employed in an enterprise engaged in commerce* ... for a workweek longer than forty hours unless such employee [is paid overtime]."[8] "Enterprise" is defined in the statute as "the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose...."[9]

■ Accordingly, for the overtime provisions to apply to different employment, it must be conducted in (1) related activities, (2) performed under unified operations or common control, and (3) for a common business purpose.[10]

■ Clearly, the second prong of the test is met here, since Charles Perdue obviously controls his personal business as well as that of the corporation. The real question is whether there is "related activity" for a "common business purpose."

There is a close relationship between these two factors.[11] The regulations adopted under the FLSA provide that the answer to the question of whether particular activities are related, will often depend in the particular case upon whether the activities serve a common business purpose.[12]

The regulations give this guidance:

For example, where a company operates retail or service establishments, and also engages in a separate and unrelated construction business, the construction activities will not be "related" and will constitute a separate enterprise if they are conducted independently and apart from the retail operations. Where, however, the retail and construction activities are conducted for a common business purpose, they may be "related," and if they are performed through unified operation or common control, they will be a part of a single enterprise. Thus, a retail store enterprise may engage in construction activities as an additional outlet for building materials which it sells, or otherwise to serve its retail operations. It may act as its own contractor in constructing or reconstruction its own stores and related facilities. In such a case, the construction activities will be "related" activities.[13]

While it is likely that Charles Perdue and his corporation do constitute a single enterprise for the purposes of this case, the record at this point is inadequate to make that determination. The relationship between the corporation's business and Charles Perdue's personal business is insufficiently clear to allow summary judgment at his stage. Accordingly, this issue will be reserved for trial.

### VI. Former Judgment.

The defendants contend that Duncan's claim is barred by the prior unappealed judgment of a state court awarding Charles Perdue the sum of $2,500 for the unpaid vehicle debt.

The written judgment of the General District Court of Tazewell County makes no reference to the issue of whether Duncan worked overtime. However, the defendants assert, through an affidavit of Charles Perdue, that Duncan raised the defense that Charles Perdue "owed him money for overtime wages from Perdue and Sons" and "[t]he court ruled ... that Mr. Duncan was not owed any money for overtime wages." (Aff., Nov. 17, 1997.)

■ The Full Faith and Credit Clause[14] compels federal courts to give the same preclusive effect to a state court judgment as

---

8. 29 U.S.C.A. § 207(a)(1) (West Supp.1997) (emphasis added).

9. 29 U.S.C.A. § 203(r)(1) (West Supp.1997).

10. *See Brock v. Hamad,* 867 F.2d at 805.

11. *Martin v. Deiriggi,* 985 F.2d 129, 133 (4th Cir.1992).

12. 29 C.F.R. § 779.206(b) (1997).

13. *Id.*

14. U.S. Const. art. IV, § 1.

would be given in the state in which it was rendered.[15]

■ The doctrine of res judicata, or claim preclusion, does not apply since the causes of action here and in the state court are not identical. The defendants also claim that Duncan's action is barred under the doctrine of collateral estoppel, or issue preclusion. For collateral estoppel to apply, the following requirements must be met: (1) The parties to the prior and subsequent proceedings, or their privies, must be the same, (2) the factual issue sought to be litigated actually must have been litigated in the prior action, (3) the factual issue must have been essential to the judgment in the prior proceeding, and (4) the prior action must have resulted in a judgment that is valid, final and against the party against whom the doctrine is sought to be applied.[16]

■ Even accepting Charles Perdue's characterization of the proceedings before the state court, there is no evidence that the factual issue present in this case was the same as in the prior action. For example, there is no evidence that the state court considered the "enterprise" issue, unique to the FLSA. In the absence of a more specific basis for determining why the state court found that Duncan was not owed overtime wages, I cannot apply collateral estoppel in this case.

### VII. Remaining Issues.

The plaintiffs also contend that the defendants are liable for liquidated damages as a matter of law and bear the burden of disproving the amount of overtime claimed, because of lack of adequate records. However, these issues depend in large measure on the resolution of the enterprise question and other facts to be determined at trial. Accordingly, the motion will be denied at this time as to these assertions.[17]

---

**15.** *Migra v. Warren City School Dist. Bd. of Education,* 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984). *See* 28 U.S.C.A. § 1738 (West 1994).

**16.** *Angstadt v. Atlantic Mut. Ins. Co.,* 249 Va. 444, 457 S.E.2d 86, 87 (1995).

### VIII. Conclusion.

For the foregoing reasons, it is **OR-DERED** that the plaintiffs' motion for summary judgment is granted in part and denied in part.

---

**17.** The plaintiffs also ask the court to rule that a covered employee may not waive his rights under the FLSA, or work voluntarily for less than the required wages. The defendants do not contest these correct statements of the law, except in so far as they contend that the voluntary work for Charles Perdue was not performed within a single enterprise.