# CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Bankers & Shippers Ins. Co.

v.

GEICO et al.

### Case No. CH98-828-01

Sarah Ann Woodville

v.

Maurice Francis Daniel
and Mary Alice Winston

### Case No. CL99-408

Elizabeth Muenster

v.

Maurice Francis Daniel
and Mary Alice Winston

### Case No. CL99-409

### January 29, 2001

BY JUDGE WILLIAM H. LEDBETTER, JR.

Motions for summary judgment filed in two personal injury cases raise issues of collateral estoppel related to prior litigation among these parties' insurers.

## Factual Background

On December 28, 1996, a 1995 Hyundai sedan operated by Maurice Francis Daniel collided with a vehicle operated by Sarah Ann Woodville on Harrison Road in Spotsylvania County. Elizabeth Muenster was a passenger in the Woodville vehicle. Woodville and Muenster were injured in the collision.

The car that Daniel was driving belonged to Mary E. Winston and Catherine R. Stancil. Mary Alice Winston, granddaughter of Stancil and daughter of Mary E. Winston, used the car on a regular basis.

GEICO insured the Hyundai under a policy issued to Mary E. Winston. After the accident, GEICO denied coverage on the ground that Daniel was not a permissive user of the vehicle.

Bankers & Shippers Insurance Company insured the Woodville vehicle. USAA provided insurance to Muenster.

In December of 1998, Bankers & Shippers filed a declaratory judgment action (# CH98-828) seeking a determination of GEICO's coverage in connection with the accident. GEICO, USAA, Daniel, Stancil, Mary E. Winston (by amendment to the pleadings), Mary Alice Winston, Woodville, and Muenster were joined as defendants. Everyone but Muenster was served with process. GEICO, Stancil, Mary Alice Winston, and USAA filed responsive pleadings.

After a bench trial on July 27, 2000, this court determined that Daniel did not have permission to use the Hyundai and, therefore, GEICO's policy issued to Mary E. Winston did not cover Daniel at the time of the collision. A final order memorializing that decision was entered on September 6, 2000. No appeal was taken.

Meanwhile, Woodville and Muenster instituted actions to recover for their personal injuries associated with the accident. Their initial filings were

nonsuited on July 23, 1999. (See *Woodville v. Daniel*, # CL98-566, and *Muenster v. Daniel*, # CL98-567.) They reinstated their suits within the period of limitations, joining Daniel and Mary Alice Winston as defendants. (See *Woodville v. Daniel et al.*, # CL99-408, and *Muenster v. Daniel et al.*, # CL99-409. In each case, the claim against Mary Alice Winston is based on allegations of negligent entrustment of the vehicle to Daniel. Mary Alice Winston filed responsive pleadings in those cases.

Later, Mary Alice Winston filed motions for summary judgment in Woodville's and Muenster's personal injury cases. In her motions, she contends that the doctrine of collateral estoppel bars a re-adjudication of those issues decided in the declaratory judgment action, in which it was determined that she had not given permission to Daniel to drive the Hyundai. Responding, Woodville and Muenster argue that the declaratory judgment order is void because they were necessary parties but were not properly before the court in that case.

Woodville and Muenster also filed a motion to set aside the declaratory judgment order in # CH98-828. Mary Alice Winston filed a brief in opposition to that motion.

The court heard arguments on these motions on December 18, 2000, and took the matters under advisement.

### The Request By Woodville and Muenster to Stay Summary Judgment Proceedings

Woodville and Muenster filed motions in their personal injury cases (# CL99-408 and # CL99-409, respectfully) to stay proceedings on Mary Alice Winston's summary judgment motions until after the court rules on Woodville's and Muenster's motion to set aside the declaratory judgment filed in # CH98-828.

The position of Woodville and Muenster is confounding because the basic issues and arguments are the same in all cases. It makes no difference in which case the court rules first. In fact, it makes sense to rule in all cases simultaneously, and that is the approach taken by the court in this opinion.

Therefore, Woodville's and Muenster's motions to stay the summary judgment proceedings will be denied.

*The Request by Woodville and Muenster
to Set Aside the Declaratory Judgment*

Woodville and Muenster argue that the declaratory judgment order of September 6, 2000, should be vacated and set aside because they were not properly before the court. That argument is without merit.

When a person is materially interested in or affected by the subject matter of litigation, and that person is not joined, the litigation does not abate nor is it dismissed or defeated by the nonjoinder. Virginia Code § 8.01-5(A). The only exception is in a case where the nonjoined person's presence is indispensable. There are few cases of that nature. An indispensable party is one without whom the court cannot act in the case. Woodville and Muenster may have been proper, even necessary, parties to the declaratory judgment action, but they were not indispensable parties. Although it is desirable as a matter of efficient judicial administration to have all rights and issues arising out of a single occurrence determined in one proceeding, the fact that a necessary party is omitted does not in most circumstances, including this one, render the judgment void.

Thus, even if Woodville and Muenster were not properly joined or were not properly served, the judgment would not be void. Rather, it would not be binding on them, a matter dealt with below.

For this reason, their motion to set aside and vacate the declaratory judgment in # CH98-828 must be denied.

*Collateral Estoppel: the Effect
of the Declaratory Judgment on
Woodville's and Muenster's Claims
Against Mary Alice Winston*

The doctrine of collateral estoppel precludes the same parties to a prior proceeding and their privies from litigating in a subsequent proceeding any issue of fact that was litigated and essential to a final disposition in the first proceeding. *Bates v. Devers*, 214 Va. 667, 202 S.E.2d 917 (1974). The doctrine, which is akin to res judicata, applies when the following requirements are met: (1) the parties to the two proceedings, or their privies, must be the same; (2) the issue of fact sought to be litigated must have been actually litigated in the prior proceeding; (3) the issue of fact must have been essential to the prior judgment; and (4) the prior proceeding must have resulted in a valid final judgment against the party to whom the doctrine is

sought to be applied. *Bates, supra; Angstadt v. Atlantic Mut. Ins. Co.*, 249 Va. 444, 457 S.E.2d 86 (1995).

Woodville and Muenster were joined as defendants in the declaratory judgment action. However, Muenster was never served with process and she neither appeared nor participated. Woodville was served by posting. When she failed to respond within twenty-one days, she was in default. Rule 3:5. However, service by posting is not complete for purposes of a default judgment until a copy has been mailed to the defendant and a certificate of mailing has been filed. Virginia Code § 8.01-296(2)(b). In this case, no certificate of mailing was filed.

Therefore, neither Woodville nor Muenster was properly before the court in the declaratory judgment case, and the decision in that case is not binding upon them unless their insurance carriers, who did participate in the declaratory judgment case, are "privies" of Woodville and Muenster for purposes of collateral estoppel.

We turn, then, to a discussion of privity.

A final judgment is conclusive not only upon those who were actually parties to the litigation, but also upon all persons who are in privity with them. There is no generally prevailing definition of privity that can be applied in all cases. A determination of who are privies requires a careful examination of the circumstances of each case. Generally, it is said that privity exists when litigation involves a party so identical in interest with another that he represents the same legal right. *Nero v. Ferris*, 222 Va. 807, 284 S.E.2d 828 (1981). Privity of interest is based upon a common material interest in the litigated subject matter. See 8B M.J., *Former Adjudication*, § 15.

Insurers and their insured may be privies, but not in every case. See, e.g., *Angstadt, supra*, and *Storm v. Nationwide Mut. Ins. Co.*, 199 Va. 130, 97 S.E.2d 759 (1957).

Under the facts and circumstance presented here, the court is of the opinion that Woodville and her carrier (Bankers & Shippers, the party who actually brought the declaratory judgment action) are in privity and that Muenster and her carrier (USAA) are in privity. Both carriers were parties to and active participants in the prior litigation seeking a judicial determination of Daniel's status as permissive user of the car he was driving. They and, consequently, their insureds, Woodville and Muenster, are bound by the result of that prior litigation.

The other elements of collateral estoppel also are present here. The essential fact that Woodville and Muenster must establish in their personal injury claims against Mary Alice Winston is that Daniel used Mary Alice Winston's Hyundai on the day in question with her permission, express or

implied. The issue of Daniel's permissive use was precisely the issue litigated in the declaratory judgment action, and the order of September 6, 2000, held that Daniel was not a permissive user of that vehicle at the time of the accident.

Next, the factual finding regarding Daniel's use of the vehicle was essential to the judgment in that case.

Finally, the decision in the declaratory judgment case is valid, final, and binding upon the insurers of Woodville and Muenster, with whom Woodville and Muenster are in privity.

In addition, there must be "mutuality" — i.e., one cannot assert the bar of collateral estoppel unless he or she would have been bound by the prior judgment if the opposite result had been reached. *Hampton Roads Sanitary Dist. v. City of Virginia Beach*, 240 Va. 209, 396 S.E.2d 656 (1990). Here, Mary Alice Winston was a party defendant in the prior action. If the result had been different — in other words, if Bankers & Shippers and USAA had prevailed by establishing that Daniel was a permissive user of Mary Alice Winston's vehicle — that outcome would have been binding on Mary Alice Winston.

In sum, all of the elements of collateral estoppel are present, including privity. The interests of Woodville's and Muenster's insurance carriers and the interests of Woodville and Muenster individually were identical: to establish that Daniel's use of Mary Alice Winston's vehicle was permissive.

For these reasons, the motions for summary judgment will be granted.

## Conclusion

The motions for summary judgment filed by Mary Alice Winston in # CL99-408 and # CL99-409 will be granted. The motions to set aside the declaratory judgment order filed by Woodville and Muenster in # CH98-828 will be denied.