## CIRCUIT COURT OF THE CITY OF NORFOLK

Steffan et al.

v.

Freemason Assocs., Inc., et al.

Case No. (Law) L01-1342

Khoury

v.

Freemason Assocs., Inc., et al.

Case No. (Law) L01-1343

February 21, 2003

BY JUDGE JOHN C. MORRISON, JR.

Plaintiffs have filed a Motion to Strike Expert Witnesses and In Limine asking the Court to exclude the testimony of Defendants' expert witnesses regarding the value of condominiums without working fireplaces versus the value of the condominiums with working fireplaces. Plaintiffs also ask the Court to exclude expert testimony regarding any low cost suitable alternatives to gas logs. Plaintiffs claim that Virginia law sets the measure of damages in this case as the cost of completing the fireplaces and that neither evidence of the value of the condominium without fireplaces nor evidence of low cost alternatives to gas logs should be admissible. For the reasons set out below, the Court denies these motions.

In addition, Plaintiffs move for partial summary judgment on the issue of piercing the corporate veil. They posit that collateral estoppel applies and that the Court's finding in *313 Freemason v. Freemason Assocs., Inc.* (Law No. CL00-1339)[1] that the corporate veil should be pierced is binding in this adjudication. For the reasons set out below, the Court denies this motion as well.

## Discussion

### A. *Expert Testimony; The Cost Rule versus the Market Value Rule*

In cases of defective construction, where the contractor fails to keep his agreements, the measure of damages "is always the sum which will put him in as good a position as if the contract had been performed." *Mann v. Clowser*, 190 Va. 887, 904, 59 S.E.2d 78, 86 (1950). If the defect is remediable from a practical standpoint, the recovery will be the market price of completing or correcting the performance. This is generally shown by the cost of a third party completing the work. If the defect is not thus remediable, damages will be the difference between the value of the defective structure and that of the structure if properly completed. If the cost of completion is "grossly and unfairly out of proportion to the good to be attained," the market value measure of damages will apply. The rule to be followed will depend on the facts and circumstances of the particular case. *Id.*

The Supreme Court of Virginia has also found that a court should use the market value measure of damages where completing the work would involve unreasonable economic waste. *Green v. Burkholder*, 208 Va. 768, 771, 160 S.E.2d 765, 767 (1968); *Kirk Reid Co. v. Fine*, 205 Va. 778, 787, 139 S.E.2d 829, 836 (1965). In another case, a defect was not remediable from a practical standpoint because the contractor did not own the land on which he had contracted to build a lake. *Barcroft Woods, Inc. v. Francis*, 201 Va. 405, 410, 111 S.E.2d 512, 517 (1959). In *Lochaven Co. v. Master Pools by Schertle, Inc.*, the Supreme Court of Virginia found that the market value rule applied because the cost of the improvements was grossly disproportionate to their value. 233 Va. 537, 357 S.E.2d 534 (1987). Master Pools constructed a pool that was only 7'9" deep instead of the contracted depth of 8'6". *Id.* at 539, 357 S.E.2d at 536. The cost to fix the depth was $21,500 while the original contract price was $18,537. *Id.* at 539-40, 357

---

[1] The opinion in this case of August 30, 2002, is printed at 59 Va. Cir. 407; the opinion of November 22, 2002, is printed below at page 690. [Reporter's Note]

S.E.2d at 535-36. Because the pool was not deep enough, Lochaven was forced to remove the diving board. *Id*. at 540; 357 S.E.2d at 536. The court found that that cost of compliance would be grossly disproportionate to the benefit. *Id*. at 544, 357 S.E.2d at 539.

The measure of damages in a particular case is dependent on the facts and circumstances. At this point in the proceedings, the Court has not heard any evidence and cannot determine the correct measure of damages from the facts and circumstances. Defendants are entitled to present evidence to this Court regarding the impracticability of completing the work. Therefore, the Court denies Plaintiffs' Motion to Strike Expert Witnesses and In Limine.

### B. *Expert Testimony; Low Cost Alternatives*

Plaintiffs move to strike expert testimony regarding low cost alternatives to gas logs. Plaintiffs have surmised that Defendants want to introduce this evidence to show that Plaintiffs failed to mitigate their damages. Pls.' Memo. in Supp. of Mot. to Strike Expert Witnesses and In Limine, at 7. However, Defendants have not stated this, and there are other potential reasons for introducing this evidence. Whether or not other types of gas log fireplaces or low cost alternatives to gas logs would be an appropriate consideration in determining damages in this case depends on the facts and circumstances of this case. The Court has not heard any evidence in this case. Plaintiffs' motion is denied.

### C. *Collateral Estoppel*

Plaintiffs filed a Motion for Partial Summary Judgment on the issue of piercing the corporate veil. In *313 Freemason, a Condominium Ass'n v. Freemason Assocs., Inc.* (Law No. CL00-1339), this Court pierced the corporate veil of Defendant Freemason Associates, Inc., and held Defendants Hall and Dana personally liable for the cost of replacing the condominium's roof and for the attorney's fees. Opinion Letter, Nov. 22, 2002; J. Order, Nov. 27, 2002. Plaintiffs argue that summary judgment should be entered against Defendants on the issue of piercing the corporate veil because collateral estoppel applies.

In order for collateral estoppel to apply, the following requirements must be met:

> (1) the parties to the prior and subsequent proceedings, or their privies, must be the same, (2) the factual issue sought to be

litigated actually must have been litigated in the prior action, (3) the factual issue must have been essential to the judgment in the prior proceeding, and (4) the prior action must have resulted in a judgment that is valid, final, and against the party against whom the doctrine is sought to be applied.

*Angstadt v. Atlantic Mut. Ins. Co.*, 249 Va. 444, 446-47, 457 S.E.2d 86, 87 (1995). In addition, there must be mutuality; "a litigant cannot invoke collateral estoppel unless he would have been bound had the litigation of the issue in the prior action reached the opposite result." *Id.*

In this case, the prior action has not yet resulted in a final judgment. A judgment is not final for the purposes of collateral estoppel when it is being appealed. *Faison v. Hudson*, 243 Va. 413, 419, 417 S.E.2d 302 (1992). The prior action is being appealed, so collateral estoppel does not apply in this case.

## Conclusion

Whether the cost rule or the market value rule applies depends on the particular facts and circumstances of this case. The Court denies Plaintiffs' Motion to Strike Expert Witnesses and In Limine because the proper measure of damages cannot be determined before the Court hears evidence. In addition, the Court denies Plaintiffs' Motion for Partial Summary Judgment because collateral estoppel does not apply.