# CIRCUIT COURT OF FAIRFAX COUNTY

Charles T. Durosko

   v.

Mary Hayes Lawrence et al.

December 8, 2008

Case No. 2008-11089

BY JUDGE ROBERT J. SMITH

Plaintiff filed this "Complaint for Attorney Malpractice" on August 26, 2008. Plaintiff alleges specifically that defendant counsel negligently prepared a trust document for plaintiff by failing to follow his intent to make the document revocable and by failing to advise him about the tax consequences of the trust. The matter is now before the Court on the defendants' plea in bar.

*Facts*

Plaintiff's second wife, Lorraine Ziegler (hereafter Lorraine Ziegler Durosko) died July 22, 1998.

Thereafter, a dispute arose between Lorraine Ziegler Durosko's son, William Ziegler, and Durosko about a trust created by Lorraine Ziegler Durosko. Durosko alleged that the trust drafted by the defendant in this action, Mary Hayes Lawrence, was revocable until Lorraine Ziegler Durosko's death and, thereafter, would remain revocable. William Ziegler contended that the trust was to remain revocable until Lorraine Ziegler's death and, at her death, it would become irrevocable.

At the first trial, the District of Columbia trial court granted summary judgment in favor of Durosko, finding that the trust was revocable on the death of Lorraine Ziegler Durosko. William Ziegler appealed. The District of Columbia Court of Appeals reversed, finding that the trust language was ambiguous on its face. The Court of Appeals remanded the case to the trial court for the taking of further evidence. *Ziegler v. Durosko*, 862 A.2d 914 (D.C. 2004). On remand, the trial court found that Durosko intended for the trust to become irrevocable upon Lorraine Ziegler's death.

Defendants assert that the doctrine of collateral estoppel should bar this current action from going forward, as the issues already have been decided by a court of competent jurisdiction.

## *Analysis*

"Under [a] collateral estoppel concept, the parties to a prior action and their privies are precluded from litigating in a subsequent action any factual issue that actually was litigated and was essential to a valid and final personal judgment in the prior action." *Hampton Roads Sanitation Dist. v. City of Virginia Beach*, 240 Va. 209, 396 S.E.2d 656 (1990), *citing Norfolk & Western Ry. v. Bailey*, 221 Va. 638, 272 S.E.2d 217 (1980).

It is well established in Virginia that the doctrine of collateral estoppel requires mutuality, *i.e.*, "a litigant is generally prevented from invoking the preclusive force of a judgment unless he would have been bound had the prior litigation of the issue reached the opposite result. *Hampton Roads*, 240 Va. at 213, *citing Norfolk & Western Ry. v. Bailey*, 221 Va. at 640. The parties in this action are different from the parties in the original cause, requiring this Court to ask, if Defendant Mary Hayes Lawrence had been a party to the action in the District of Columbia courts, would she have been bound by the final decision in *Ziegler v. Durosko*? I believe she would have been bound as to the issue of revocability, but not as to the advice as to the tax consequences.

The issue in *Ziegler v. Durosko* was the revocability or irrevocability of the trust. Indeed, the parties stipulated prior to the first trial that "The sole issue requiring trial in Tr. No. 12-99 RP is whether the CTD Trust was intended to become irrevocable upon Lorraine Ziegler Durosko's death on July 22, 1998, or whether it was intended to remain revocable following Lorraine Ziegler Durosko's death." *Ziegler v. Durosko*, Tr. No. 11-99, Tr. No. 12-99 RP, Adm. No. 1914-98.

The trial judge noted at page 15 of his findings of fact:

> Durosko testified that neither Lawrence nor Walton explained to him certain possible gift tax consequences of having the CTD Trust become irrevocable on Lorraine's death. Durosko also submitted a post-trial brief describing those consequences. On the other hand, Lawrence testified that she did discuss income and estate tax considerations with the Duroskos. At best, Durosko's testimony means only that he might not have been fully informed as to all possible tax consequences. *It does not mean he lacked the intent or capacity to create an irrevocable trust.*

(Emphasis added.)

The emphasized language from the trial court's findings further supports a conclusion that the sole issue before the trial court was the revocability or irrevocability of the trust. The possible negligence in drafting the tax provisions of the trust was not before the District of Columbia court.

### Conclusion

The plea in bar is sustained as to the issue of Charles Durosko's intent to make the trust revocable or irrevocable.

The plea in bar is denied as to the issue of the negligence in advising or not advising Charles Durosko as to the tax consequences of the trust.